## 62104. OLIVER v. THE STATE.
## 62105. COKER v. THE STATE.

QUILLIAN, Chief Judge.

These two appeals arise out of the convictions of codefendants for theft by taking. Appeal 62104 involves the defendant Oliver; while 62105 is the appeal of the defendant Coker.

The following facts, pertinent to these appeals, were adduced at trial. Maurice Dunlap, the victim, testified that on May 7, 1980, he closed his filling station at the end of the day, put the receipts for that day, including money and checks, in a money box which was latched but not locked, and then placed the box under the seat of his car near the middle portion and headed home. He testified that there was over $250.00 in the box. Dunlap then came upon the two defendants whose car was in a ditch about two miles from Dunlap's home. He agreed to take them to the house of George Davis who had tow chain and truck. The two defendants got in the front seat of Dunlap's car, the defendant Oliver in the middle and the defendant Coker on the right-hand side. Dunlap drove to the Davis house and when he was unable to get Davis to answer him, got out of the truck, leaving the two defendants therein, and went to the house where he talked with Davis and Davis agreed to help the defendants free their car from the ditch.

According to Dunlap's testimony, both defendants then got in the truck with Davis, while Dunlap then drove his car on to his home. When Dunlap arrived at home, he discovered that the money was missing from the money box. He picked up his wife and then proceeded to the scene of the accident where he spoke with an officer and informed him as to what had transpired, requesting to "see if they could get my money off them." Officer McCall, the Luthersville Chief of Police, testified that he had previously found the defendants, along with a lady, with their automobile in a ditch. About thirty-five minutes later he was again dispatched to check on the same vehicle which he found abandoned in a ditch about 2 1/2 miles from the first scene. The officer stated that he asked the two defendants, who were in the Davis vehicle, to get out and to walk back across the road. At that time the defendant Oliver put his hand in his pocket and scattered money across the road and the defendant Coker, who was following, began picking up the money and putting it in his pocket. The two defendants got in the back seat of Officer McCall's patrol car. At that time, State Trooper Jackson testified, that in the course of his investigation of the accident he saw the defendant Coker in the back seat of the patrol car sticking money in the front of his trousers and attempting to put some on the floor

board and behind the seat. Whereupon he read the defendant Coker his Miranda warnings and took from the defendant two checks, which were made out to Dunlap's Service Station, as well as money. He gave the money and checks to a Deputy Sheriff at the scene and then transported the two defendants to the County jail. Subsequently, he found more money in the back seat of his patrol car. No specific connection was made between the bills so found and the money which was taken from Dunlap, the victim.

Each of the defendants, after having been given Miranda warnings, made written statements which tended to incriminate the other defendant. During the course of the trial, a Jackson Denno hearing was held as to these statements and each of them was introduced into evidence. During the hearing, the defendant Coker's attorney objected to the introduction of Oliver's statement with regard to the defendant Coker on the grounds that the defendant Coker was not present when the statement was given. No objection was made on behalf of the defendant Oliver.

On appeal, both defendants urged that the statements made by the other defendant were inadmissible as to them and that it was error to fail to charge the rule to that effect. See Code Ann. § 38-414 which provides: "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself."

1. We find the defendant Oliver's enumeration of error with regard to the failure to charge Code § 38-414 without merit for three reasons. First, at the time the statement was offered no objection was made. *Altman v. State,* 156 Ga. App. 185 (3) (273 SE2d 923). Second, at the close of the charge, the trial judge inquired of counsel whether he had any exceptions to the charge and received a negative answer. This constituted a waiver. *White v. State,* 243 Ga. 250 (253 SE2d 694); *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855). Third, the trial judge did charge the principle involved in Code § 38-414 although not the exact language thereof.

2. Defendant Coker's contention with regard to the charge is controlled adversely to him by our second and third reasons set forth in Division One. However, the defendant Coker also objected to the admission of the defendant Oliver's statement based on Code § 38-414.

Both of the defendants testified and each of them gave substantially the same version of what transpired as was related in their statements. Each defendant accused the other defendant of being the perpetrator of the crime. We, therefore, have a factual situation in which each of the defendants has made a statement tending to exonerate himself and to implicate the other defendant

and each of the defendants has testified, giving their accounts of the events substantially the same as their statements. Moreover, the trial judge charged: "you will consider such evidence only as to that defendant making the confession or admission. Such evidence would not be considered by you in your determination of guilt or innocence of the other party."

The provisions of Code § 38-414 have no application where the joint offender or conspirator is sworn and testifies as a witness. *Brown v. State,* 132 Ga. App. 200 (2) (207 SE2d 682); *Phillips v. State,* 142 Ga. App. 581 (1) (236 SE2d 519); *Pippin v. State,* 205 Ga. 316 (12) (53 SE2d 482); *Hill v. State,* 239 Ga. 278 (2) (236 SE2d 626). The case sub judice is controlled by our decision in *Rhodes v. State,* 135 Ga. App. 484 (2) (218 SE2d 159) wherein it was held that the failure to instruct the jury with regard to Code § 38-414 was harmless error where the codefendant was sworn as a witness and testified to the same facts as those contained in his statement. See *Jones v. State,* 245 Ga. 592 (3) (266 SE2d 201).

As to the defendant Coker we, therefore, find the trial judge did charge the principle of Code § 38-414 and the admission of the statement was not reversible error where it also appears that the defendant Oliver gave a similar account in his testimony.

We do not find that either *Edge v. State,* 144 Ga. App. 213 (240 SE2d 765) or *Dudley v. State,* 148 Ga. App. 560 (251 SE2d 815) require a different result. In *Edge v. State,* 144 Ga. App. 213, supra, a statement by one co-defendant was introduced as to the others but there was no testimony in that regard and the trial judge omitted charging that a confession made after a conspiracy has ended is admissible only against its maker. In *Dudley v. State,* 148 Ga. App. 560, supra, although there was testimony by the coconspirator as well as testimony regarding his statement, still the coconspirator was not on trial and the trial court did not charge the principle of law set forth in Code Ann. § 38-414.

3. During examination of one of the police officers, the following question and answer occurred: "Q. Did you notice anything else unusual in back of your car? A. Written on the back of my shield where it had got dusty, they wrote two remarks, on my shield." It is contended there was error to overrule the defendant Oliver's objection to this testimony and error to fail to grant a mistrial.

There was no testimony as to the content of the remarks. There was no motion for a mistrial. We, therefore, find no error harmful to the defendant. Especially is this true where as here the evidence was with regard to circumstances surrounding the defendant's arrest. *Rush v. State,* 137 Ga. App. 387, 389 (224 SE2d 39); *Hogsed v. State,* 150 Ga. App. 872, 873 (258 SE2d 688); *Clements v. State,* 226 Ga. 66

(1) (172 SE2d 600); *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165); *Lenear v. State,* 239 Ga. 617, 619 (238 SE2d 407).

4. The evidence was sufficient, when construed in favor of the state, so that a rational trier of fact could have found proof of the defendant's guilt beyond a reasonable doubt.

*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 2, 1981.

*Robert L. Richards,* for appellant (case no. 62104).
*Ben R. Freeman,* for appellant (case no. 62105).
*Arthur E. Mallory III, District Attorney,* for appellee.