66643. JONES v. THE STATE.
66652. MARLOW v. THE STATE.

POPE, Judge.

Appellants Ricky Jones and Eddie Marlow were jointly indicted for burglary and rape. Jones pled guilty to the burglary count. Thereafter, appellants were tried jointly before a jury on the remaining counts and found guilty as charged. Appellants bring these appeals following the denial of their motions for new trial.

The evidence of record, construed in a light most favorable to the state, shows that the crimes alleged in the indictment took place on August 9, 1981 at the single-bedroom mobile home of the victim. Appellants arrived unannounced at the victim's home at approximately 9:00 p.m. The victim had not seen Jones for nearly two years; Marlow was a stranger to her. After watching television and conversing for awhile, Jones began to make sexual advances toward the victim. She resisted, became frightened and began to scream; thereupon, appellants left. Shortly thereafter, Jones broke into the mobile home through a window and opened the living room door for Marlow. Appellants grabbed the victim around her arms and shoulders and placed their hands across her mouth and throat to muffle her screams. While Marlow held her down, Jones then removed her clothing, as well as a tampon from her vagina, and forced sexual intercourse upon her on the living room floor. The victim testified that during Jones' assault she observed Marlow carry a

cannister of nickles out of her home. Following Jones' assault, Marlow carried the victim into her bedroom where he proceeded to force himself upon her. The victim testified that during Marlow's assault Jones removed two stereo speakers from her bedroom. After appellants had left the victim's home, she noticed that her television set had also been taken. Appellants later sold the television set to a relative of Marlow.

### Case No. 66643

1. Appellant Jones' first and fourth enumerations of error challenge the sufficiency of the evidence to support the verdict of guilty as to the rape charge. From the evidence presented at trial, we find that any rational trier of fact could have found Jones guilty of rape beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones next cites as error the trial court's denial of his motion of autrefois convict. The ground for this motion, as appears from the record here, was that since Jones had pled guilty to the burglary count of the indictment and the state had not requested that the rape charge be tried separately, the state was precluded from prosecuting Jones on the rape charge because both offenses arose out of the same conduct.

A motion for autrefois convict is a plea in bar by a criminal defendant to an indictment that he has been formerly convicted of the same crime. Black's Law Dictionary 170 (4th ed. 1968). Burglary and rape are two separate and distinct crimes. *Groves v. State,* 152 Ga. App. 606 (2) (263 SE2d 501) (1979). Therefore, Jones' guilty plea to the burglary charge did not operate as a "conviction" of the rape charge so as to bar the prosecution thereof. See also *Echols v. State,* 167 Ga. App. 307 (1) (306 SE2d 324) (1983). Moreover, since the crimes here were " 'based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan' [Cit.]" (*Coker v. State,* 234 Ga. 555, 558 (216 SE2d 782) (1975), revd. on other grounds, Coker v. Georgia, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977)), their joint prosecution was mandated unless the trial court ordered them tried separately in the interest of justice. OCGA § 16-1-7 (Code Ann. § 26-506). Jones made no motion to sever prosecution of the charges against him, and his argument that the state was required to sever prosecution thereof before accepting his guilty plea has no basis in law. Finally, Jones' contention that his trial should have been severed from the trial of Marlow is raised for the first time here on appeal and thus will not be considered. Jones' second and third enumerations are wholly without merit.

3. In his fifth enumeration of error, Jones takes the position that

OCGA § 16-6-1 (Code Ann. § 26-2001), the rape statute, is burden-shifting and thus unconstitutional. This position has no merit. *Tucker v. State,* 243 Ga. 683 (1) (256 SE2d 365) (1979).

4. In his sixth enumeration Jones contends that the evidence tendered by him regarding his past sexual encounters with the victim was proper evidence and should have been admitted at trial. See OCGA § 24-2-3 (Code Ann. § 38-202.1). The record, however, discloses that this evidence was admitted, making this enumeration meritless.

5. Jones' first enumeration of error asserts that evidence was improperly tendered at trial as to the burglary charge (to which he had previously pled guilty) and that this evidence "tainted" the trial and was not cured by the trial court. We do not agree. On the prosecution of Jones for rape, evidence which showed that he also committed burglary was admissible under the facts in this case as part of the res gestae of the commission of the crime of rape. See *Fuller v. State,* 228 Ga. 546 (1) (186 SE2d 888) (1972). See generally *Jones v. State,* 167 Ga. App. 847 (3) (307 SE2d 735) (1983).

### Case No. 66652

6. Appellant Marlow's first enumeration assigns error to the admission into evidence of a statement confessing the subject burglary that Jones had made to the police after his arrest. While Marlow relies on several grounds in support of this enumeration on appeal, we will confine our discussion here to the grounds raised at trial. See *McCullough v. State,* 162 Ga. App. 866 (2) (293 SE2d 455) (1982). One objection made at trial to Jones' statement is as follows: "[I]t is illegal evidence. The testimony is being [used] to establish a chain of custody of this allegedly stolen property, to tie it to the defendant Eddie Marlow, and that no curative instructions regarding that the Court should disregard how — what they've heard about how that stuff was taken out of the trailer, can correct the harm that's going to be done to my client, as the result of illegal introduction of this evidence, and that's my objection." Marlow also objected on the ground that the reading of Jones' statement by the police officer who had taken the statement violated his Sixth Amendment right to confrontation of witnesses against him.

We construe Marlow's first objection to be that Jones' confession of burglary also implicated Marlow in the burglary (although all reference to Marlow by name was excised from the statement) and thus was inadmissible against Marlow at trial as violative of OCGA § 24-3-52 (Code Ann. § 38-414): "The confession of one joint offender or conspirator made after the enterprise is ended

shall be admissible only against himself." However, since Jones was sworn and testified as a witness at trial and was thus subjected to cross-examination by Marlow's counsel, the provisions of this statute did not apply. *Oliver v. State,* 159 Ga. App. 154 (2) (282 SE2d 767) (1981). For the same reason, there was no violation of Marlow's Sixth Amendment right to confrontation. *Durham v. State,* 240 Ga. 203 (2) (240 SE2d 14) (1977).

7. Marlow next contends that he was denied his constitutional and statutory right to a thorough and sifting cross-examination of the victim. The state objected to counsel for Marlow inquiring of the victim what past events (other than the subject rape) had made her so nervous and agitated that she needed medication. Counsel explained that he was inquiring as to anything which might have affected the victim's memory or state of mind on the night in question. The trial court allowed counsel to inquire as to the state of mind of the victim on the night in question, but refused to allow counsel to delve into any "problems" the victim may have had two or three years earlier.

The scope of cross-examination rests largely within the discretion of the trial court. The exercise of that discretion will not be controlled by a reviewing court unless it is abused. *Miller v. State,* 155 Ga. App. 587 (3) (271 SE2d 719) (1980). "In this case, the trial court simply curtailed the asking of a question that was improper in scope but allowed the line of inquiry to proceed. We find no abuse of discretion in that limitation." *Crawford v. State,* 154 Ga. App. 362, 363 (268 SE2d 414) (1980). Accord, *Megar v. State,* 144 Ga. App. 564 (5) (241 SE2d 447) (1978).

8. Marlow asserts that a state's exhibit and certain testimony relating thereto were improperly admitted into evidence because the state failed to establish the exhibit's chain of custody. This argument is not supported by the evidence in the record on appeal and is thus without merit. See *Law v. State,* 165 Ga. App. 687 (5) (302 SE2d 570) (1983).

9. Most of the issues raised by Marlow's final enumeration of error have been addressed in the foregoing divisions of this opinion. We have reviewed all issues raised by this enumeration and find them to be without merit.

*Judgments affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 22, 1983.

*David Jones,* for appellant (case no. 66643).
*Stanley R. Durden,* for appellant (case no. 66652).
*Timothy G. Madison, District Attorney, Larry Duttweiler,*

*Assistant District Attorney,* for appellee.