71519. MARTIN v. THE STATE.
(338 SE2d 298)

BANKE, Chief Judge.

We granted the defendant's application for an interlocutory appeal from the denial of his motion to suppress the results of a blood-alcohol test as evidence in his prosecution for driving under the influence of alcohol. Although the arresting officer testified that he had informed the defendant of his right to an independent test at the time of his arrest, as required by OCGA § 40-6-392 (a) (3, 4), the defendant contends that the state did not meet its burden under *Steed v. City of Atlanta*, 172 Ga. App. 839 (4) (325 SE2d 165) (1984), of further establishing an affirmative waiver by him of his right to an independent test. *Held*:

The affirmative waiver requirement set forth in Division 4 of *Steed* has recently been "disavowed" by this court, in a decision written by the same judge who authored *Steed*. See *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985). Sufficient compliance with the "implied consent" statute is established by evidence showing that the accused was given timely notice of his implied consent rights and there-

after made no request for an independent chemical test. Accord *Sanders v. State,* 176 Ga. App. 869 (338 SE2d 5) (1985); *Osteen v. State,* 176 Ga. App. 722 (337 SE2d 369) (1985). The denial of the defendant's motion to suppress is accordingly affirmed.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 18, 1985.

*Jane Kent Plaginos,* for appellant.
*Terry Stringer, Solicitor,* for appellee.