A89A0676. MANLEY v. THE STATE.
(381 SE2d 592)

DEEN, Presiding Judge.

The appellant, Charles Manley, was arrested for driving under the influence after he was stopped by police for exiting an interstate highway by an exit ramp that was closed for construction. An intoximeter test indicated a blood alcohol content of .13 grams percent. Manley was charged with driving under the influence in one count, and driving with a blood alcohol content of .12 or more in another count.

At trial an expert witness for the defense testified that the intoximeter results were inaccurate in this case, because the machine was based on an average blood-to-breath ratio of 2100 to 1, and Manley's ratio was only 1603 to 1. The expert explained that where the blood-to-breath ratio is less than the average ratio, the intoximeter results would be higher than the actual blood alcohol content. In this case, accounting for the margin of error due to Manley's different blood-to-breath ratio, his blood alcohol content would have been around .09 grams percent.

In addition to charging the jury on OCGA § 40-6-391 (a) (4), the trial court told the jury that (1) if it found Manley's blood alcohol content to be .10 or more, it might *infer* that Manley was under the influence; (2) if it found Manley's blood alcohol content to be more than .05 but less than .10, no *inference* either way arose; and (3) if it found Manley's blood alcohol content to be less than .05, Manley would be presumed to be not under the influence. The trial court would not give Manley's requested jury charge about giving the defendant the benefit of any margin of error the jury may find in the intoximeter machine. The trial court subsequently declared a mistrial on the "per se" count alleging a blood alcohol content of .12 or more, because the jury was hopelessly deadlocked. The jury returned a verdict of guilty on the general count of driving under the influence of alcohol, and this appeal followed. *Held*:

Pretermitting the issue of whether the trial court erred in refusing to give Manley's requested charge on the margin of error, any error would be harmless since the jury found Manley guilty only of the general count of driving under the influence of alcohol. Harm as well as error is necessary before reversible error is shown. *Stoe v. State*, 187 Ga. App. 171 (369 SE2d 793) (1988).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 19, 1989.

*Turner & Lennard, Donald C. Turner, Mark A. Lewis*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, George L. Kimel, Faye S. Pous, Assistant Solicitors*, for appellee.