A89A0748. KOULIANOS v. THE STATE.
(383 SE2d 642)

BENHAM, Judge.
Appellant was convicted of driving under the influence of alcohol. His appeal presents four enumerations of error, none of which we find meritorious. Therefore, we affirm the judgment of conviction.

1. Appellant contends that the trial court erred in denying his motion in limine to suppress the intoximeter test results. The hearing on appellant's motion was not taken down, and where the record is incomplete, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). *Page v. State,* 159 Ga. App. 344 (6) (283 SE2d 310) (1981). In the absence of a transcript, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's findings. *Brannon v. State,* 176 Ga. App. 781 (5) (337 SE2d 782) (1985).

2. The first intoximeter test result introduced into evidence showed appellant as having a .13 grams percent blood alcohol level. A second test showed appellant's level as being .11 grams percent. He complains that the second test result was inadmissible because a proper foundation had not been laid, i.e., there was no proof that the officer who performed the second test was licensed to do so. We disagree. The record shows that the officer testified that he was a licensed intoximeter operator and that he performed the test in accordance with what he had been taught. Although the officer did not specifi-

cally state that he was licensed at the time he performed the test, the copy of the test result printout showed his name and operator permit number. The foundation was sufficient to show that the operator was certified by the State at the time of testing, so the admission of the second test result was proper. *Wallace v. State*, 188 Ga. App. 77 (4) (371 SE2d 914) (1988).

3. The trial court charged the jury that if a person has .12 percent or more by weight of alcohol in his blood while he is driving, that person shall be in violation of Georgia law. Appellant claims that such a charge impermissibly shifts the burden of proof to the defendant. "Appellant's argument was answered adversely to appellant by the Supreme Court in *Lester v. State*, 253 Ga. 235 (2) (320 SE2d 142) (1984)." *Turrentine v. State*, 176 Ga. App. 145 (2) (335 SE2d 630) (1985). The charge, derived from OCGA § 40-6-391 (a) (4) and OCGA § 40-6-392 (b) (4), created no such presumption but merely proscribed driving with a blood alcohol level of .12 percent. *Cunningham v. State*, 255 Ga. 35 (1) (334 SE2d 656) (1985).

4. The trial court declined to give appellant's requested charge on his right to undergo an additional test under OCGA § 40-6-392 (a) (3). This omission is cited as error, but we find none. Appellant previously had moved the trial court to suppress the test results based on his contention that he was denied the right to an independent test of his own choosing. See Division 1 of this opinion. The conflict over that question was properly resolved by the trial court in favor of the State, and we find no reason to reverse it. *Curtis v. State*, 182 Ga. App. 388 (2) (355 SE2d 741) (1987).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 22, 1989.

*Davis, Sissel & Williams, Warren P. Davis,* for appellant.

*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., Richard R. Read, Assistant Solicitors,* for appellee.