## A90A0146. BURKS v. THE STATE.
(394 SE2d 136)

COOPER, Judge.

Following a jury trial, appellant was convicted of speeding (OCGA § 40-6-181) and driving under the influence (OCGA § 40-6-391 (a) (1)). On appeal, he enumerates several alleged errors.

The arresting officer testified that he stopped appellant after radar clocked appellant's vehicle at 74 miles per hour. While the officer checked appellant's license and insurance, he noticed that there was a strong odor of alcohol on appellant's breath; that appellant's eyes were red and bloodshot; and that appellant was weaving slightly as he stood. The officer asked appellant if he had been drinking and appellant stated that he had been drinking. When appellant did not pass an alco-sensor test, he was placed under arrest for driving under the influence and speeding. The officer read appellant the implied consent warning, and appellant replied that he would submit to a breath test. At the sheriff's department, the officer administered an intoximeter test to appellant, and the results were 0.11.

1. In his first enumeration of error, appellant contends that the trial court erred in denying his motion to quash the accusation because of several alleged irregularities in the accusation.

(a) "The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation. . . ." OCGA § 17-7-71 (a). Although the accusation refers to the affidavit of the officer, this imperfection, even if error, was harmless. See *Manley v. State*, 187 Ga. App. 773 (2) (371 SE2d 438) (1988).

(b) Likewise, we find no merit to appellant's argument that the accusation was improper because Count I was in accusation form and Count II only referred to the traffic citation. A uniform traffic citation can be used as an accusation, "[h]owever, it is not true that a prosecution must proceed upon the uniform traffic citation form that has initially been issued and that the prosecuting attorney has no authority to file a subsequent formal accusation." *State v. Doyal*, 184 Ga. App. 126, 127 (361 SE2d 17) (1987).

(c) "The legal sufficiency of the accusation or indictment depends upon the accusation as a whole. An accusation is sufficiently technical and correct if it states the offense in the terms and language of the statute or so plainly that the jury may easily understand the nature of the offense charged. A defendant who was not at all misled to his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on this ground." (Citations and punctuation omitted.) *Watson v. State*, 190 Ga. App. 671 (3) (379 SE2d 811) (1989). Consequently, appellant's claim that the amended accusation materially changed the charge has no merit.

(d) OCGA § 40-6-391 (b) is clear enough to discern the legislature's intention, which was not, as appellant argues, to allow anyone who has ever legally used a drug to be exempt from the prohibitions of OCGA § 40-6-391 (a). Thus, we find no violation of appellant's due process rights. See *Proo v. State*, 192 Ga. App. 169, 170 (384 SE2d 197) (1989).

(e) Appellant's argument that the language of the accusation presupposes his guilt and violates his right to due process is totally without merit.

2. Appellant enumerates as error the trial court's denial of his motion to suppress the results of the intoximeter test.

(a) "The results of a breath test are admissible in a criminal proceeding for driving under the influence of alcohol if the test is performed in accordance with the specific statutory guidelines of OCGA § 40-6-392 (a) (1)." *Dotson v. State*, 179 Ga. App. 233 (1) (345 SE2d 871) (1986). "The statute does not demand that the examiner have an expert's knowledge of the underlying scientific principles governing the functioning of the machine." *Dotson v. State*, supra at Division 2. The record reflects that the intoximeter machine used was the type approved by the Department of Public Safety; that the officer who conducted the test was certified to operate the intoximeter machine; that the machine was in proper operating condition; and that appellant had been informed of his rights under the informed consent statute. Accordingly, we conclude that the test results were properly admitted.

(b) Appellant's argument that the intoximeter test was unfair goes to the weight to be placed upon the test results by the jury and does not affect their admissibility. *Sanders v. State*, 176 Ga. App. 869 (1) (338 SE2d 5) (1985).

(c) The State showed by testimony that appellant was advised of his rights under the implied consent statute and that appellant did not request any other test. "Sufficient compliance with the 'implied consent' statute is established by evidence showing that the accused was given timely notice of his implied consent rights and thereafter made no request for an independent chemical test. [Cits.]" *Martin v. State*, 176 Ga. App. 871 (338 SE2d 298) (1985).

3. The officer testified as follows: "I asked Mr. Burks for his license and insurance card. He presented a Georgia license, an HV probationary license." Appellant's counsel objected and moved for a mistrial on the ground that the testimony impermissibly placed appellant's character in evidence. The trial court denied the motion and gave a curative instruction advising the jury to disregard the officer's testimony about the driver's license. Considering the trial court's curative instruction together with other evidence sufficient to support the jury's finding that appellant was guilty beyond a reasona-

ble doubt of driving under the influence of alcohol to an extent which rendered him a less safe driver, we find no abuse in the trial court's discretion in denying appellant's motion for mistrial. *Sturdy v. State*, 192 Ga. App. 71, 72 (383 SE2d 632) (1989).

4. Appellant enumerates as error the trial court's refusal to allow his expert to testify regarding two experiments conducted. In an offer of proof, appellant's expert testified that on the morning of trial he registered .00 on the intoximeter, and after ingesting acetone he registered .05. We find no error with the trial court's ruling that the testimony was inadmissible, "since the original test conditions, including appellant's own physical condition, could not have been duplicated." *Kuptz v. State*, 179 Ga. App. 150 (9) (345 SE2d 670) (1986). During a second offer of proof, appellant's expert testified that on the day before trial, he conducted a test and found appellant's breath to blood ratio to be 1680 to 1, as opposed to the 2100 to 1 ratio used by the state in performing the intoximeter test. The witness further explained that in an intoximeter test which made an allowance for appellant's lower breath to blood ratio, appellant's blood alcohol level would register .088. In light of the overwhelming evidence of appellant's violation of OCGA § 40-6-391 (a) (1), we find no reversible error in the trial court's refusal to allow the test results. Appellant admitted to the officer that he had been drinking, and the officer testified that in his opinion, based on his experience and what he observed about appellant on the day in question, it was less safe for appellant to operate his vehicle. Even though similar tests have been admitted (see *Manley v. State*, 191 Ga. App. 376 (381 SE2d 592) (1989)), no harm resulted to appellant from the exclusion of the test. "Harm as well as error is necessary before reversible error is shown. [Cit.]" *Manley v. State*, supra at 377. Furthermore, contrary to appellant's argument, there is no Sixth Amendment right to confrontation of machines. *Kuptz v. State*, supra at 152.

5. Appellant also asserts as error the denial of his motion for directed verdict of acquittal. The arresting officer had sufficient reason to stop appellant based on the high rate of speed at which appellant was travelling. Subsequent to the stop, appellant admitted that he had been drinking, exhibited signs of intoxication and failed an alcosensor test. A subsequent intoximeter test showed a blood-alcohol content of .11. The evidence taken as a whole was sufficient to enable a rational trier of fact to find the appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ragan v. State*, 191 Ga. App. 374 (2) (381 SE2d 589) (1989).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

Decided May 4, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown,* for appellant.
*John T. Newton, Jr., Solicitor,* for appellee.