## A90A1011. ABDSHARAFAT v. THE STATE.
(395 SE2d 61)

BIRDSONG, Judge.

Appellant, Ismail Abdsharafat, appeals his sentence and judgment of conviction. He was found guilty by jury of DUI and improper lane usage, and not guilty of driving with an unlawful blood alcohol level within three hours of having an alcohol concentration of at least .12 grams.

Appellant was observed cutting into a turn lane and then immediately pulling back out thereof; the police officer followed appellant and observed him subsequently cross halfway over the centerline once, and shortly thereafter cross the centerline with all four wheels of his vehicle. Appellant also "would go from side to side." Nothing was in the road to cause such erratic driving.

The police officer stopped appellant, who admitted he had been drinking but he could not recall how much. Appellant agreed to take a field sobriety test and failed all three parts: Appellant could not complete a recitation of the alphabet, claiming he was not familiar

with it because he was from a different country; he completely missed touching his nose four out of six attempts; he could not complete the heel to toe test, as he could neither walk adequately nor do the required step counting. Appellant was unsteady on his feet, and when standing, he would have to take a step backwards to keep his balance. Appellant smelled of alcoholic beverages, had bloodshot and glassy eyes, his face was somewhat flushed, he was uncertain making turns, when walking he had to keep moving to stand up, and was off balance, unsteady on his feet. The police officer had completed state-mandated training, and had over eight years total police experience at the time of the stop. In response to the question whether appellant was under the influence to the extent he was impaired and a less safe driver, the police officer opined that appellant "was impaired to where he should not have been operating a motor vehicle on the roadway due to alcohol." The police officer further testified she "decided [appellant] was under the influence, that he was driving under the influence in violation of the law when he submitted to and failed the field sobriety test." The officer further testified that, at the time she was following appellant, there was no sand, stone, or pebbles on the road which would cause appellant to veer his vehicle. A photograph, subsequently taken by the sheriff's department, was introduced in evidence which showed appellant's facial features.

Appellant testified that he was not driving DUI, that he could operate his motor vehicle safely, and that his operation of the motor vehicle was not impaired. He also testified his eyes were red and nose was watery from a pollen-aggravated sinus condition. Appellant claimed that he passed all of the field sobriety tests, except for the alphabet, which he could not remember because, in essence, he got confused among other alphabets, as he knew several languages.

Appellant admitted in his trial testimony that he had been drinking that evening; that he had had five different drinks, as follows: a vodka and grapefruit, at about 6:30 p.m.; at about 11:20 p.m. a chocolate tequila and a beer (of which he drank less than half); at about 1:00 a.m., another vodka and grapefruit; and, at about 2:00 a.m., he ordered another beer and drank less than half of it.

Appellant also admitted that he had a bachelor of arts degree from Mercer in math and German, and that he had completed two and one-half years of his education at Georgia Tech. Appellant admitted that he was unsteady on his feet the whole time he was taking the test, but claimed that the ground where he took the test was not level. He further admitted that he initially pulled into the turn lane and exited it, but indicated that he was going to make a turn and, based on the traffic light pattern, then changed his mind; he testified he could have had one tire crossing into the other lane, but denied that he ever crossed his vehicle half-way or crossed all four tires into the

other lane. He further testified in detail to the existence that evening of road construction in the area that would tend to make drivers drive near or cross the centerline.

A doctor of chemistry testified that, in his opinion, a person who drank the amount of alcohol admitted to have been consumed by appellant would not have enough alcohol in his blood to make him an unsafe driver, and that sinus problems in pollen season can make you stuffy, sneezy, red-eyed and tired. Appellant's sister-in-law gave testimony corroborating that there was some construction near the sides of the road, which would cause debris to get on the road, and that appellant suffered from a pollen-aggravated sinus condition. *Held*:

1. Appellant asserts that there was insufficient evidence to support the DUI conviction. We disagree. On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Smith v. State*, 192 Ga. App. 768 (1) (386 SE2d 530); *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts the trial court erred in charging the jury on the State-administered breath test, "because there was considerable evidence at trial that the State-administered breath test did not accurately measure the defendant's blood-alcohol ratio, as required by OCGA § 40-6-392 (b)."

Appellant argues in his brief that the State presented no evidence in its brief to refute the testimony of the chemist that the intoximeter did not accurately measure the alcohol content of appellant's blood; and, that "[c]learly, the intent and requirements of [OCGA § 40-6-392] were not met. The trial court erred in admitted [sic] this *evidence*, such *evidence* was highly prejudicial to the appellant and should be reversed." (Emphasis supplied.) The argument presented by appellant does not support the above enumeration of error. Moreover, appellant does not present any argument or direct citation of authority in its brief in support of the above enumeration that the court erred in its *charge* to the court.

"An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration. One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold." (Citations and punctuation omitted.) *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223-224 (372 SE2d 493); accord

*Nobles v. State*, 191 Ga. App. 594, 599 (6) (382 SE2d 637). The above enumeration of error is without merit.

3. Appellant's remaining enumerations of error assert that the trial court erred in admitting in evidence the result of appellant's "breath test" (Intoximeter 3000 test) on the grounds specified in each of these enumerations.

It is well-established that harm as well as error must be shown to authorize a reversal by this court. *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888). Examining the trial record in its totality, we find that, assuming but not finding error occurred in the admission of the intoximeter test evidence for each of the reasons asserted by appellant, it is highly probable that the error did not contribute to the judgment, and accordingly any such error would have been harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Appellant's enumerations of error are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 5, 1990.

*Barbara M. Lassiter*, for appellant.

*Patrick H. Head, Solicitor, Phillip M. Goldstein, Beverly M. Hartung, Assistant Solicitors*, for appellee.