## A92A1358. SWEARINGEN v. THE STATE.
(423 SE2d 305)

Johnson, Judge.

James E. Swearingen, Jr. consented to consolidation at trial of several charges against him which arose in four separate incidents occurring over a five-month period. He was convicted of three counts of DUI, three counts of driving a motor vehicle after having been declared an habitual violator, and one count of no proof of insurance. His motion for a new trial was denied, and he appeals.

1. Swearingen first contends that the jury erred in finding him guilty in that the state failed to meet its burden to show sufficient compliance with the implied consent law. Specifically, Swearingen argues that the state failed to prove sufficient compliance because it presented no evidence to affirmatively show that Swearingen had not requested an independent chemical test. The duty to affirmatively show a waiver of the statutory right to an additional test, if it ever existed, was clearly abrogated in State v. Dull, 176 Ga. App. 152 (335 SE2d 605) (1985). "[T]he failure to inform a defendant of the right to an additional chemical test, and not the failure to obtain and show a waiver affirmatively, renders inadmissible the results of a chemical test administered at the request of the arresting officer." Id. at 154. Swearingen's reliance on Norfleet v. State, 196 Ga. App. 548 (396 SE2d 237) (1990), is misplaced. In Norfleet, the appellant affirmatively made a request for an independent test and the officers failed to act reasonably to accommodate that request. A review of the record in this case does not reveal any request for an independent test. Swearingen attempts to persuade us that when the booking officer told him to keep his mouth shut, he was effectively barred from making a request for an additional test. The record indicates, however, that Swearingen did not comply with the booking officer's request, and further shows that he did not ever request an additional test. It is uncontroverted that Swearingen was given timely notice of his implied consent rights. There being no evidence that he requested an additional test, we conclude that there was sufficient evidence to show compliance with the implied consent statute. See Martin v. State, 176 Ga. App. 871, 872 (338 SE2d 298) (1985); accord Burks v. State, 195

Ga. App. 516, 517 (2) (c) (394 SE2d 136) (1990).

2. In his second enumeration of error, Swearingen argues that the state failed to prove a material element of the offense of habitual violator by failing to show that he was the same person who was declared an habitual violator and the same person served with habitual violator notice. This argument is without merit. Notice of his classification as an habitual violator was sent to Swearingen certified mail, return receipt requested. State's Exhibits 1 and 2 were certified copies of the official notice of revocation and a copy of the receipt bearing Swearingen's signature. Swearingen offered nothing to rebut the State's evidence that the notice had been properly given, nor did he offer any evidence that he was not the person identified in the notice. " ' "(N)otice (of habitual violator status) given by certified mail with return receipt requested mailed to the person's last known address shall be *prima facie evidence* that such person *received* the required notice." ' [Cit.]" *Johnson v. State*, 194 Ga. App. 501, 502 (2) (391 SE2d 132) (1990). There is no merit to Swearingen's argument regarding notice or identity.

3. Finally, Swearingen argues that the trial court erred in failing to charge the jury on the general principles of law with respect to the weight to be given the testimony of a co-defendant. The testimony which gave rise to the charge at issue was offered by Margie Reynolds, Swearingen's companion. She testified that she agreed to switch seats with Swearingen after they saw that he had been observed driving by the police. As in *Oliver v. State*, 159 Ga. App. 154 (282 SE2d 767) (1981), no objection was made at the time the testimony was given, nor was there an objection at the close of the court's charge. Swearingen reserved no exceptions to the charges as given. Therefore any objection to the evidence or the charge was effectively waived. Further, as in *Oliver*, the purported co-defendant testified at trial in this case. "The provisions of Code § 38-414 [OCGA § 24-3-52] have no application where the joint offender or conspirator is sworn and testifies as a witness. [Cits.]" Id. at 156. Therefore, we find no error.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 7, 1992.

*Nancy A. Atkinson*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney,* for appellee.