## A92A1018. ROSS v. THE STATE.
(424 SE2d 308)

JOHNSON, Judge.

Charles Ross was convicted of the sale of cocaine, trafficking in cocaine, and possession of marijuana. Ross appeals from the convictions and the denial of his motion for a new trial.

1. Ross contends that the trial court erred in allowing an inculpatory statement allegedly made by him to be admitted into evidence prior to holding a *Jackson v. Denno*[1] hearing outside the presence of the jury. This enumeration is without merit.

An undercover agent who bought cocaine from Ross testified that Ross told her that he lived in the apartment where she bought the cocaine. Ross objected to this testimony on hearsay grounds. The trial court properly overruled his objection. Ross then requested that the court determine whether Ross' statement was voluntarily given, but did not request that this determination be made outside of the jury's presence. Testimony was elicited from the agent that Ross spoke freely and voluntarily after being advised of his *Miranda*[2] rights. The agent then repeated Ross' statement at which point Ross requested a hearing outside of the jury's presence to determine the voluntariness of the statement. The court excused the jury, held a *Jackson v. Denno* hearing, and determined that Ross' statement was made vol-

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

untarily. At the close of the hearing, the jury returned to the courtroom and heard the statement allegedly made by Ross for the third time.

We note at the outset that Ross' statement did not require a *Jackson v. Denno* hearing as it was not a confession, rather it was merely a statement which indicated that he lived in the apartment where the agent purchased cocaine. Further, Ross made the statement after being advised of his *Miranda* rights. Nevertheless, Ross claims that the court erred in allowing the statement to be heard in front of the jury.

The record shows that Ross never requested a hearing outside of the jury's presence until after the agent made the statement a second time. While it would have been better practice for the trial court sua sponte to have held a hearing outside of the jury's presence to determine the voluntariness of Ross' statement, its failure to do so did not constitute harmful error because it was ultimately determined that the statement was given freely and voluntarily. Harm as well as error must be shown to authorize a reversal by this court. *Abdsharafat v. State*, 195 Ga. App. 837, 840 (395 SE2d 61) (1990).

2. In his second enumeration of error, Ross contends that the trial court erred in allowing the state to present testimony that he forfeited his appearance bond by failing to appear at a calendar call. Ross argues that this testimony was improperly admitted as evidence of flight.

In *Renner v. State*, 260 Ga. 515 (397 SE2d 683) (1990), the Supreme Court of Georgia ruled that giving a jury instruction on flight in a criminal case constitutes error. However, it is permissible for counsel to present evidence of and argue flight to the jury. Id. at 518. We have previously ruled that evidence that an accused forfeited his appearance bond is admissible as tending to show flight. *Johnson v. State*, 148 Ga. App. 702, 703 (252 SE2d 205) (1979); see also *Morris v. State*, 163 Ga. App. 118, 119 (293 SE2d 866) (1982). Accordingly, we find no error.

3. Ross further contends that there was insufficient evidence presented at trial to support his convictions.

Ross' wife testified that Ross had sold drugs from his apartment. An undercover agent testified that Ross had sold cocaine to her while in his apartment. Additional evidence presented at trial showed that Ross had in his possession and control more than twenty-eight grams of cocaine of greater than ten percent purity (see OCGA § 16-13-31) and less than one ounce of marijuana (see OCGA § 16-13-30) at the time of his arrest. Reviewing the evidence in the light most favorable to the verdict of the jury, we find that a rational trier of fact could have found Ross guilty beyond a reasonable doubt of trafficking in cocaine, sale of cocaine and possession of marijuana. *Jackson v. Vir-*

*ginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in entering judgment on the verdict.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 23, 1992.

*Robert A. Maxwell*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Nancy A. Grace, Joseph F. Buford, Assistant District Attorneys*, for appellee.