## A93A0292. PRATT v. THE STATE.
(431 SE2d 397)

BEASLEY, Presiding Judge.

Pratt appeals from the denial of her motion for new trial and the judgments of conviction and sentences entered for driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), driving with an unlawful blood alcohol level, OCGA § 40-6-391 (a) (4), and speeding, OCGA § 40-6-181.

1. Appellant contends that results of a breath test performed on an Intoximeter 3000 should have been excluded because the State failed to introduce documentation of the examiner's permit to operate the machine at the time the test was administered.

The State established that the examiner was a certified peace officer employed by the Gwinnett County Sheriff's Department, that he possessed a valid permit to operate the Intoximeter 3000 machine issued by the Division of Forensic Sciences of the Georgia Bureau of Investigation as required under OCGA § 40-6-392 (a) (1), that he continuously maintained that permit since it was issued to him two-and-one-half years earlier, and that his permit was in effect on the day he administered the test to appellant. A permit in effect at the time of trial was introduced into evidence, to which appellant objected on relevancy grounds. As in *Koulianos v. State*, 192 Ga. App. 90 (2) (383 SE2d 642) (1989), "the officer testified that he was a licensed intoximeter operator and that he performed the test in accordance with what he had been taught . . . the copy of the test result printout showed his name and operator permit number." A proper foundation was established for admission of the test results. The evidence was not inadmissible for the reasons advanced.

2. Appellant contends the trial court erred in sustaining the State's objections on relevancy grounds to certain expert testimony directed at challenging the validity of the Intoximeter 3000 test results.

Appellant attempted to question the witness concerning his study of test results obtained from women subjects, "with respect to sex

bias that is built into the machine." The court sustained the State's objection on the basis of *Burks v. State*, 195 Ga. App. 516 (4) (394 SE2d 136) (1990). It upheld the exclusion of expert testimony regarding an intoximeter machine experiment conducted on himself after ingesting acetone, which produced a .05 measurement, " 'since the original test conditions, including [defendant's] own physical condition, could not have been duplicated.' [Cit.]" Id. at 518.

However, appellant was not attempting to compare her test results with a dissimilar experimental test result, as was disallowed in *Burks*. Instead, she was attempting to challenge the accuracy of the Intoximeter 3000 machine as used to test *all* female subjects. If, in fact, it was established with sufficient scientific certainty that the machine produced inaccurate results on all women tested, those findings would have been relevant to challenge the accuracy of the intoximeter results of this female defendant. An accused may introduce evidence "to demonstrate that the blood-alcohol test was inaccurate." *Lattarulo v. State*, 261 Ga. 124, 125 (1, 3) (401 SE2d 516) (1991).

Nevertheless, defendant made no request to proffer the witness' expected testimony or to establish a foundation for its admissibility. This inaction waived the point. "If the defendant desired to complain of rulings of the court refusing to allow [certain testimony] . . . he should have made an avowal of the evidence which he proposed to offer, in the absence of which this court cannot determine whether the testimony would have been material or that its rejection was sufficiently prejudicial to the defendant to warrant a reversal of the conviction." *Yeomans v. State*, 116 Ga. App. 199, 200 (156 SE2d 658) (1967). Accord *Ingram v. State*, 201 Ga. App. 646 (411 SE2d 790) (1991).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1993 —
RECONSIDERATION DENIED MAY 7, 1993.

*Spruell & Dubuc, Billy L. Spruell, Brian M. Dubuc*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Rosanna Szabo, Assistant Solicitor*, for appellee.