## A95A2243. CWIEK v. THE STATE.
(467 SE2d 608)

JOHNSON, Judge.

A jury found Jeffrey Cwiek guilty of driving under the influence of alcohol to the extent it was less safe for him to drive, driving with a blood-alcohol concentration of .10 grams or higher, underage possession of alcohol and leaving the scene of an accident. He appeals from the convictions entered on the verdict.

1. Cwiek argues that the trial court erred in denying his motion in limine to suppress the intoximeter test results when he was allegedly denied the opportunity to have an independent test conducted. This enumeration presents nothing for review. The hearing on Cwiek's motion was not transcribed, "and where the record is incomplete, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). In the absence of a transcript, we must assume as a matter of law that the evidence adduced at the hearing supported the trial court's findings." (Citations omitted.) *Koulianos v. State*, 192 Ga. App. 90 (1) (383 SE2d 642) (1989); see *Jones v. State*, 187 Ga. App. 25, 26 (1) (369 SE2d 314) (1988).

2. Cwiek contends that the trial court erred in permitting a police officer to testify that Cwiek told him at the time of his arrest that he had not been drinking during the two-hour period since the accident. Cwiek claims that the statement was hearsay and that there was no proof that he had waived his right to counsel or to remain silent

before giving the alleged statement. The statement is significant because Cwiek claimed at trial that he only had a beer or two before the accident, but did consume a significant amount of alcohol after he returned home and before officers arrived and tested him. First, "the statement was not inadmissible as hearsay because it was at least implicitly an admission against interest. [Cit.]" *Toledo v. State,* 216 Ga. App. 480, 482 (4) (455 SE2d 595) (1995). Second, before admitting the statement, the trial court held, outside of the jury's presence, a *Jackson v. Denno*[1] hearing and found that the statement was freely and voluntarily made after Cwiek was advised of his *Miranda*[2] rights. "A voluntary incriminating statement or confession by a criminal defendant is admissible as an exception to the hearsay rule. (Cit.) [Cit.]" (Punctuation omitted.) *Summerour v. State,* 211 Ga. App. 65 (1) (438 SE2d 176) (1993); see generally *Ross v. State,* 206 Ga. App. 1, 2 (1) (424 SE2d 308) (1992). We find no error.

3. In two separate enumerations, Cwiek contends that he was denied effective assistance of counsel. New counsel filed a notice of appeal within 30 days after judgment was entered but did not file a motion for new trial. Thus, this is the first time an ineffectiveness of counsel claim has been raised in this case. Previously, we were required under these circumstances to remand the case to the trial court for a resolution of the ineffectiveness issue. *Dozier v. State,* 217 Ga. App. 835, 836 (3) (459 SE2d 463) (1995). On January 22, 1996, however, the Georgia Supreme Court overruled the line of cases requiring a remand and held that a defendant's failure to raise a claim of ineffectiveness before appeal when the opportunity to do so was available bars raising the issue on appeal. *Glover v. State,* 266 Ga. 183 (465 SE2d 659) (1996). In its holding, the Supreme Court recognized that applying the new rule to the appellant in *Glover* would be unfair given prior decisions of Georgia's appellate courts. For the same reason, we decline to apply the *Glover* decision in this case. The case is therefore remanded to the trial court for a hearing on Cwiek's ineffectiveness claim. As to all other issues raised in this appeal, we affirm the judgment of the trial court.

*Judgment affirmed and case remanded with direction. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 30, 1996.

*Susan P. Tate,* for appellant.
*Kenneth W. Mauldin, Solicitor, Kelley M. Matthews, Ethelyn*

---

[1] *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

*N. Simpson, Assistant Solicitors*, for appellee.