## 59180. GUNTER et al. v. THE STATE.

SMITH, Judge.

Appellants Ronald Gunter and Jerry Cleveland were tried before a jury for the offenses of criminal trespass and attempted livestock theft. From the resulting verdict of guilty on all counts, appellants bring this appeal. We affirm in part and reverse in part.

1. Appellants' first, second and fourth enumerations of error present arguments raised in other enumerations and need not be separately addressed.

2. In their fifth enumeration of error, appellants contend that, under the doctrine of factual merger, they cannot be convicted of both criminal trespass and attempted livestock theft in the instant case. We agree.

"It *used* to be required here that the offenses to be the same 'must be identical both as a matter of fact and as a matter of law.' *Harris v. State,* 193 Ga. 109, 117 (17 SE2d 573) (1941). However, our relatively new statute on included crimes, Code Ann. §§ 26-505 and 26-506, as we pointed out in *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974) requires that although a defendant may be *prosecuted* for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law *or* fact." *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918) (1977).

"A person commits criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Code § 26-1001. In the instant case, the state satisfied its burden of proof with respect to the offense of attempted livestock theft by introducing evidence sufficient to establish that appellants drove onto the prosecutor's farm in a pickup truck during the night without authority and with intent to steal livestock. The evidence relied upon by the state to establish the offense of attempted livestock theft was precisely the evidence used to establish that appellants had committed criminal trespass. The latter offense is therefore included in the former as a matter of fact (*State v. Estevez,* supra at 320), and appellants' convictions for criminal trespass must be reversed.

3. In their sixth enumeration of error, appellants assert that "[t]he trial court erred in failing to charge, 'A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by misapprehension of fact, which, if true will justify the act or omission.' " See Code § 26-705. Although appellants made no request for such a charge at trial, it is argued that "mistake of fact" constitutes appellants' sole defense and that "the failure to give a charge on the subject, even without request, was error."

*Henderson v. State,* 141 Ga. App. 430 (233 SE2d 505) (1977).

While a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so (*Harris v. State,* 145 Ga. App. 675 (244 SE2d 620) (1978); *Henderson v. State,* supra), such a charge is not required where, as here, it is not authorized by the evidence. See *Nix v. State,* 135 Ga. App. 672, 674 (219 SE2d 6) (1975).

4. In their seventh enumeration of error appellants complain of the following charge: "I give you certain presumptions of law that are applicable to this case. A presumption is a conclusion which the law draws from given facts. Each of these presumptions are rebuttable, that is they may be overcome by evidence to the contrary. They are as follows: every person is presumed to be of sound mind and discretion, but this presumption may be rebutted; the acts of a person of sound mind and discretion are presumed to be the product of that person's will; a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but these presumptions may be rebutted." Appellants contend this charge impermissibly shifted the burden of persuasion upon them under Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

Whatever the merits of appellants' contentions that the portion of the charge quoted above is impermissibly burden shifting, it is clear that the charge taken as a whole does not suffer the asserted defect. In addition to the above charge, the trial court instructed the jury as follows: "A person will not be presumed to act with criminal intention but the trier of facts, and that is you, the Jury, may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted. A specific intent to commit the crimes charged in this indictment and each count thereof is an essential element that the State must prove beyond a reasonable doubt." The charge, when viewed as a whole, did not shift the burden of persuasion to appellants because "the jury could not 'have interpreted the challenged presumption as conclusive . . . or as shifting the burden of persuasion . . . [contrary to] the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt . . .' Sandstrom at 510 . . ." *Kerr v. State,* 154 Ga. App. 470 (1980).

5. Appellants' contention in their third enumeration of error that "there was no evidence that the fair market value of the livestock allegedly attempted to have been taken was in excess of $100.00" (see Code §§ 26-1006, 28-1817) is not supported by the record. An owner of the cattle testified that their value was approximately two hundred

dollars per head.

Appellants' argument that the owner's testimony as to value was without probative value is without merit. "An owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.' " *Hoard v. Wiley,* 113 Ga. App. 328, 329 (147 SE2d 782) (1966); *Crowley v. State,* 141 Ga. App. 867, 868 (234 SE2d 700) (1977). In the instant case, the owner testified that he has been in the business of raising and selling cattle "in the neighborhood of 12 to 15 years" and that, as part of his business, he attempts to monitor the fluctuating price of cattle. This testimony was sufficient to establish that the owner had "an opportunity for forming a correct opinion." See *Jones v. State,* 147 Ga. App. 779, 780 (250 SE2d 500) (1978).

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Banke, J., concur.*

Submitted January 16, 1980 — Decided June 11, 1980 — Rehearing denied July 7, 1980 — 

*Paul S. Weiner,* for appellants.

*E. Byron Smith, District Attorney, W. Harold Craig, Assistant District Attorney,* for appellee.