## 71015. SANDERS v. THE STATE.
### (338 SE2d 5)

BANKE, Chief Judge.

The defendant appeals the denial of her motion for new trial following her conviction of two counts of driving under the influence of alcohol. Both counts were based on a single occurrence. Count 1 alleged that the defendant "did physically control a moving vehicle while under the influence of alcohol," while Count 2 charged that she "did control a moving vehicle while there was at least .12 percent alcohol in their (sic) blood by weight."

The defendant admitted that she had consumed approximately 4-½ ounces of peppermint schnapps during the 3-½-hour period immediately preceeding her arrest but denied that she was "under the influence." The arresting officer testified that he had stopped the defendant because she failed to dim her headlights when he signalled her to do so by flashing his lights and that he had arrested her for driving under the influence because he detected an odor of alcoholic beverage about her and observed that she appeared to be unsteady on her feet upon exiting her car.

An intoximeter breath test was administered to the defendant upon her arrival at the police station, resulting in a blood-alcohol reading of .24 percent. At trial, the defendant presented evidence which tended to show that this intoximeter reading was unreliable due to the fact that she had been wearing a dental plate on the night in question. A forensic chemist, who had formerly been employed by the State Crime Laboratory and who was qualified as an expert both in testing for blood-alcohol content and in measuring the effects of alcohol on human behavior, testified that a dental plate such as the one worn by the defendant would likely have had the effect of trapping alcohol in her mouth, thereby causing a blood-alcohol reading obtained from analysis of her breath to be invalid. This witness further testified that a person of the defendant's weight would have to consume 13 to 14 ounces of peppermint schnapps within an hour's time to attain a blood-alcohol level of .24 percent and that a person who had consumed that much alcohol would exhibit extreme mental and physical impairment. *Held*:

1. The trial court did not err in denying the defendant's motion to suppress the results of the intoximeter test. The state laid a proper foundation for the introduction of the test results by presenting evidence that the machine was working properly, that the operator was properly certified by the Division of Forensic Services of the Georgia

Bureau of Investigation, and that the test was performed in accordance with methods approved by the Division of Forensic Services. See generally OCGA § 40-6-392 (a); *State v. Holton*, 173 Ga. App. 241 (2) (326 SE2d 235) (1985). The defendant's challenge to the reliability of the test results did not affect their admissibility under these circumstances but went merely to the weight to be placed on them by the jury.

2. The evidence, though in conflict, further authorized the trial court to conclude that the defendant had been properly advised of her implied consent rights in accordance with OCGA § 40-6-392 (a) (4). See generally *Garrett v. Dept. of Public Safety*, 237 Ga. 413 (2) (228 SE2d 812) (1976). The defendant's reliance on this court's recent decision in *Steed v. City of Atlanta*, 172 Ga. App. 839 (1) (325 SE2d 165) (1984), is misplaced in that the defendant in *Steed* testified without contravention that he had requested an independent test, whereas there was undisputed testimony in the present case that the defendant had not requested such a test. To the extent that the decision in *Steed* purported to impose upon the state in all "implied consent" cases the burden of proving an affirmative waiver by the defendant of his right to an independent test, it did not constitute a binding precedent, as only two judges concurred in that decision. In any event, the holding in *Steed* has recently been disavowed by this court, in an opinion written by the same judge who authored *Steed*. See *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985).

3. The defendant enumerates as error certain aspects of the court's charge to the jury regarding the weight and consideration to be given the breath test results. However, defense counsel did not object to the charge in question after it was given and, when asked by the trial court if there were any exceptions to the charge as a whole, merely replied: "You laid it on a little heavy about factual doubts, and then you repeated it a couple of times, but I have no other objections to the charge." This constituted a waiver of the objection sought to be asserted on appeal. See generally *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980).

4. The evidence, though in conflict, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of driving under the influence of alcohol. See generally OCGA § 40-6-391 (a) (1); *Cargile v. State*, 244 Ga. 871 (262 SE2d 87) (1979). However, the two charges set forth in the accusation were obviously based on the same conduct, and the evidence will not support convictions of two separate offenses. Accordingly, the judgment is vacated, and the case is remanded for re-sentencing for only one count of the offense.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Benham, J., concur.*

## On Motion for Rehearing.

On motion for rehearing, the state appears to argue that the defendant did not suffer multiple convictions because the trial court entered only one sentence. The record in this case clearly reflects that, although the trial court entered a single sentence, that sentence applied to both counts of the accusation. Thus, the record establishes unambiguously that the defendant was convicted of two counts of D.U.I.

Although a defendant maybe *prosecuted* for multiple offenses established by the same criminal conduct, he may not be *convicted* of more than one crime if the crimes charged are the same in law or fact. See *Pryor v. State*, 238 Ga. 698, 700 (234 SE2d 918) (1977); *Gunter v. State*, 155 Ga. App. 176 (2) (270 SE2d 224) (1980); *Callahan v. State*, 148 Ga. App. 555, 557 (5) (251 SE2d 790) (1978). See generally OCGA §§ 16-1-6; 16-1-7. The motion for rehearing is accordingly denied.

Decided October 11, 1985 —
Rehearings denied October 25, 1985 — 

*Robert H. McDonnell*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Linda S. Finley, Assistant Solicitor*, for appellee.