A91A2036. PAGE v. THE STATE.
(415 SE2d 487)

SOGNIER, Chief Judge.

Clarence E. Page was charged with driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)), driving with an unlawful blood alcohol level (OCGA § 40-6-391 (a) (4)), and failure to maintain lane. He was acquitted by a jury of the lane charge and convicted of the two DUI counts. He now appeals.

The evidence adduced at trial established that shortly after 10:00 p.m. on June 22, 1990, Officer Ulysses Musgrove, a member of the DUI Task Force of the Cobb County Police Department, was on patrol on Canton Highway. Observing the van driven by appellant cross the yellow centerline twice and veer off the edge of the road three times, Musgrove followed and then stopped appellant. After identification and a brief conversation, during which Musgrove noticed the odor of alcohol on appellant's breath, Musgrove administered several field sobriety tests. Following those tests, which appellant failed, appellant was arrested, placed in the back of Musgrove's patrol car, and read his implied consent rights. Appellant indicated that he would consent to a breath test, and he was transported by Musgrove to a mobile unit where he signed a form indicating he agreed to the breath test. Musgrove showed appellant his permit to operate the Intoximeter 3000. The breath test administered indicated a result of 0.12, and a second test administered 20 minutes later at appellant's request indicated a result of 0.11.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal.

(a) Count Two of the accusation charged appellant with driving a motor vehicle with an unlawful blood alcohol level in that on the date in question he "did physically control a moving vehicle while his alco-

hol concentration was at least 0.12 grams within three hours after such physical control ended, from alcohol consumed before such physical control ended." Appellant argues that because of the wording of the accusation, the terms "alcohol concentration" and "grams" were necessary facts which the State was required to prove, and the State's failure to offer proof in those specific terms amounted to a fatal variance between the allegata and probata. See *Walker v. State*, 146 Ga. App. 237, 240-242 (246 SE2d 206) (1978). However, the Supreme Court has held that a fatal variance is one which fails to meet " 'the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' . . . [Cit.]" *DePalma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969). Here, even assuming a variance existed, but see infra, it is clear that it would not subject appellant to either of the dangers set forth in *DePalma*, and thus it would not be fatal. Id. at 470.

Nor did the State's failure to use those terms render the evidence insufficient to authorize appellant's conviction on Count Two. Musgrove testified that the Intoximeter 3000 analyzes a subject's breath sample, and that immediately before he administered the test to appellant, appellant signed a form acknowledging that the implied consent warning had been read to him. That form, which was introduced into evidence at trial, recited, inter alia, that appellant had consented to a breath test "for the purposes of determining alcoholic . . . content." The language of OCGA § 40-6-392 (a) providing that evidence of the amount of alcohol in a person's blood, as determined by chemical analysis of that person's breath, is admissible in DUI trials "makes it clear that a breath test is used to determine the amount of alcohol in a person's blood." *Fudge v. State*, 184 Ga. App. 590, 592 (5) (362 SE2d 147) (1987). Accord *Fisher v. State*, 177 Ga. App. 465, 466 (2) (339 SE2d 744) (1986). We do not find that the word "concentration" as used in the indictment means something other than "the amount of alcohol in a person's blood." Moreover, although the intoximeter test results are expressed in numbers which represent the amount of alcohol in the blood by weight, or grams, those results frequently have been referred to without qualifying them with the term "grams." See, e.g., *Burks v. State*, 195 Ga. App. 516 (394 SE2d 136) (1990) (officer administered intoximeter test and "the results were 0.11"); *Clark v. State*, 192 Ga. App. 718 (1) (386 SE2d 378) (1989) (subject "registered .09 on a breathalyzer test"). Such results are commonly understood to mean the amount of alcohol by weight in a certain volume of the subject's blood. The evidence adduced was sufficient to authorize a conviction for driving with an unlawful blood

alcohol level under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the trial court properly denied appellant's motion for a directed verdict of acquittal as to that count. See *Broski v. State*, 196 Ga. App. 116, 119 (4) (395 SE2d 317) (1990).

(b) Since we have held the trial court properly denied appellant's motion for a directed verdict of acquittal as to Count Two of the accusation, Count Two was properly before the jury and we need not address appellant's contention that the trial court erred by charging the burden-shifting language of OCGA § 40-6-392 (b) (3). Compare *King v. State*, 200 Ga. App. 511, 512 (3) (408 SE2d 509) (1991).

(c) Insofar as appellant's enumerations of error may be construed to contain a contention that the evidence was insufficient to find him guilty of being a less safe driver, we find no merit in such a contention in light of Musgrove's testimony regarding appellant's driving and failing the field sobriety tests.

2. We do not agree with appellant that the trial court erred by admitting into evidence the results of the Intoximeter 3000 test because a proper foundation had not been laid. Musgrove testified to his experience on the DUI Task Force; his Police Academy training; his training in the use of the Intoximeter 3000; and his certification by the Division of Forensic Sciences of the GBI. Musgrove's testimony also established that he had a permit to operate the machine, which had been displayed to appellant before he took the test and was introduced into evidence. All the foundation requirements of OCGA § 40-6-392 (a) (1) were thus satisfied. See *Riley v. State*, 175 Ga. App. 810-811 (1) (334 SE2d 863) (1985). *Broski*, supra at 118-119 (2), cited by appellant to support his contention that a permit for the machine must be displayed over the machine, clearly refers to the *operator's* permit. Moreover, contrary to appellant's argument, no statutory or regulatory requirement exists that this permit be displayed in a specific place or manner.

3. The record reveals that, contrary to appellant's assertion, the State did disclose appellant's custodial statement in response to appellant's pretrial motion made pursuant to OCGA § 17-7-210, and thus appellant's contention that the trial court erred by admitting these statements into evidence on that ground is not supported by the record.

4. We note that appellant's convictions under OCGA § 40-6-391 (a) (1) and (a) (4) were based on the same conduct. Under these circumstances, this court has held that "the evidence will not support convictions of two separate offenses." *Sanders v. State*, 176 Ga. App. 869, 870 (4) (338 SE2d 5) (1985). Here, however, unlike the situation in *Sanders*, id. at 871, it is apparent from the transcript that the trial judge sentenced appellant for only one DUI offense. Accordingly,

rather than remanding for resentencing, we vacate appellant's conviction under OCGA § 40-6-391 (a) (4). See *Fudge*, supra at 592-593 (6).

*Judgment affirmed in part and vacated in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 3, 1992 —
RECONSIDERATION DENIED FEBRUARY 13, 1992 — 

*B. Clark Jones, Alan C. Manheim*, for appellant.
*Patrick H. Head, Solicitor, Diane M. Busch, Assistant Solicitor*, for appellee.