A93A0073. HOFFMAN v. THE STATE.
(430 SE2d 886)

ANDREWS, Judge.

After a bench trial, Hoffman was convicted of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)), and driving with an unlawful blood alcohol level (OCGA § 40-6-391 (a) (4)).

Testimony showed Hoffman was stopped at a roadblock set up by police officers for the purpose of checking driver's licenses and vehicle safety. The roadblock was well identified as a police checkpoint, and all vehicles approaching were briefly stopped. One of the field officers testified that the roadblock was authorized by his supervisor and that the supervising sergeant was at the scene of the roadblock. The police officer stopping Hoffman detected a faint odor of alcohol on his breath, and Hoffman admitted to the officer that he had been drinking beer. An alco-sensor test at the scene was positive for alcohol. After Hoffman failed at least two field sobriety tests administered by the officer, he was arrested and charged with driving under the influence. An intoximeter test administered after the arrest showed Hoffman had a blood alcohol level of 0.12 percent.

1. All three of Hoffman's enumerations of error center on his claim that the roadblock was an unlawful pretext to target him to check his sobriety without reasonable suspicion that he was driving under the influence, or had violated the law in any other manner. Hoffman contends: (1) the State was required to show the roadblock was authorized by supervisory personnel, rather than by officers in the field, and that the trial court erred in considering hearsay evidence of such authorization; (2) that without probative evidence of authorization, the trial court erred in ruling there was sufficient evidence the roadblock was authorized; and (3) that the trial court

should have granted his motion for a directed verdict of acquittal because there was no probative evidence of authorization.

"[P]olice officials may set up highway roadblocks for the purpose of requiring motorists to display their driver's license, and . . . such a practice does not invade their right to use the public ways free from unreasonable and unwarranted interception. Nor does such a practice constitute an unlawful arrest or restraint or an illegal search contrary to the United States Constitution. The state can practice preventive therapy by reasonable road checks to ascertain whether man and machine meet the legislative determination of fitness." (Citations and punctuation omitted.) *Sapp v. State*, 188 Ga. App. 700 (374 SE2d 114) (1988). "[T]he issue for resolution is not whether there was an articulable suspicion or probable cause to stop appellant's vehicle, but whether the instant [roadblock] was otherwise implemented and conducted in such a manner as to demonstrate that the stop of appellant's vehicle was ' "reasonable" under the Fourth Amendment.' " *Christopher v. State*, 202 Ga. App. 40, 41 (413 SE2d 236) (1991).

In his enumerations of error, Hoffman, in effect, contends there was insufficient evidence of proper authorization to establish the roadblock was reasonable under Fourth Amendment standards. We need not address the authorization issue raised in appellant's enumerations of error to resolve this case. During the bench trial, Hoffman objected to introduction of the results of the intoximeter test partly on the basis that it was obtained as a result of an unauthorized roadblock in violation of his Fourth Amendment rights. The trial court overruled the objection, and admitted the evidence. Hoffman does not claim error in admission of the evidence, but only that the trial court erroneously concluded on insufficient evidence that the roadblock was authorized.[1] Hoffman did not otherwise move to suppress evidence obtained as a result of the roadblock, so he waived any right to claim the evidence admitted as a result of the stop should have been excluded on Fourth Amendment grounds that the roadblock was not authorized. *Ruffin v. State*, 201 Ga. App. 792 (412 SE2d 850) (1991); *Hawes v. State*, 240 Ga. 327, 333 (240 SE2d 833) (1977). Accordingly, the enumerations of error provide no basis for reversal. The evidence before the trial court was sufficient to support the convictions. *Christopher*, supra; *Sapp*, supra; *Brimer v. State*, 201 Ga. App. 401 (411 SE2d 128) (1991).

2. Since the offenses charged under OCGA § 40-6-391 (a) (1) and (a) (4) were based on the same conduct, they merged under the substantive double jeopardy rule, which limits multiple convictions or

---

[1] In any event, Hoffman's conviction under OCGA § 40-6-391 (a) (4), based on the intoximeter results, was vacated in Division 2, infra.

punishments for crimes arising from the same criminal conduct. *Page v. State*, 202 Ga. App. 828, 830-831 (415 SE2d 487) (1992); *State v. Estevez*, 232 Ga. 316, 319 (206 SE2d 475) (1974). Although Hoffman was convicted of both offenses, it is apparent from the transcript that for purposes of sentencing the trial judge considered the charges alternative and sentenced appellant for only one offense. Accordingly, no remand for resentencing is necessary, and we vacate appellant's conviction under OCGA § 40-6-391 (a) (4). *Page*, supra.

*Judgment affirmed in part and vacated in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 30, 1993.

*Manheim & Jones, Alan C. Manheim, B. Clark Jones*, for appellant.

*Patrick H. Head, Solicitor, Clifford L. Granger, Jr., Assistant Solicitor*, for appellee.