## A00A0384. HEWETT v. THE STATE.
### (534 SE2d 867)

MILLER, Judge.

A jury found Gene Hewett, Jr. guilty under Count 1 of driving under the influence to the extent it was less safe for him to drive[1] and guilty under Count 2 of driving a moving vehicle while his alcohol concentration was more than 0.10 grams (a "per se" violation)[2] using the same factual scenario. Observing that the two counts were in the alternative and were to be sentenced as though they were one count, the judge gave Hewett a single sentence. The judge failed to identify which count merged into the other or to identify on which count he was sentencing Hewett.

Where two DUI charges are based on the same conduct, the evidence will not support convictions of two separate offenses.[3] Even though the trial court enters only a single sentence, if that sentence applies to both DUI counts of the accusation, by definition the court has convicted defendant of two counts of DUI.[4] Here the court noted that it was giving Hewett a single sentence on the two counts, because the court considered the counts alternative and was treating them as though they were one count. The court did not merge one count into the other nor indicate that the sentence applied only to

[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-391 (a) (5).
[3] *Sanders v. State,* 176 Ga. App. 869, 870 (4) (338 SE2d 5) (1985).
[4] Id. at 871.

one count. Thus, the sentence applied to both counts and was improper.

The question then becomes what the remedy should be. Though some prior decisions have remanded the case for resentencing on only one count of the DUI offense,[5] these cases are not applicable where "it is apparent from the transcript that for purposes of sentencing the trial judge considered the charges alternative and sentenced appellant for only one offense."[6] This is the case here, and therefore, we follow those cases that simply vacate the "per se" DUI conviction and affirm the "less safe" DUI conviction, with no remand.[7] Accordingly, we affirm the "less safe" conviction under Count 1 and vacate the "per se" conviction under Count 2. No remand is necessary.

*Judgment affirmed as to Count 1. Judgment vacated as to Count 2. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 19, 2000.

*Jackie G. Patterson, Yasma Patterson*, for appellant.
*L. Jack Kirby, Solicitor*, for appellee.

---

[5] See *Bache v. State*, 208 Ga. App. 591, 593 (431 SE2d 412) (1993); *Mattarochia v. State*, 200 Ga. App. 681, 686 (7) (409 SE2d 546) (1991); *Sanders*, supra.

[6] *Hoffman v. State*, 208 Ga. App. 574, 576 (2) (430 SE2d 886) (1993); see *Page v. State*, 202 Ga. App. 828, 830-831 (4) (415 SE2d 487) (1992).

[7] See *Hoffman*, supra; *Page*, supra; *Fudge v. State*, 184 Ga. App. 590, 592-593 (6) (362 SE2d 147) (1987) (physical precedent only); cf. *Ellerbee v. State*, 215 Ga. App. 102, 103 (1) (449 SE2d 874) (1994).