## A01A1706. SCHOOLFIELD v. THE STATE.
(554 SE2d 181)

ELDRIDGE, Judge.

A Clayton County jury convicted defendant Loyd C. Schoolfield of one count of driving under the influence to the extent it was less safe for him to drive[1] (Count 1) and one count of driving a moving vehicle while his alcohol concentration was more than 0.10 grams (Count 2), a per se violation.[2] He was sentenced to confinement for twelve months, to serve two days, and the remainder probated; a $600 fine; and eighty hours community service. On appeal, the defendant contends the state court erred in denying his motion for new trial, as amended, challenging the testimony of the arresting officer as going to the ultimate issue, the State's similar transaction

---

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] 196 Ga. App. 820, 822 (2) (397 SE2d 168) (1990).

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 40-6-391 (a) (5).

evidence, and the sufficiency of the evidence. Finding defendant's claims of error to be without merit, we affirm.

Viewed in the light most favorable to the verdict, *Green v. State*, 244 Ga. App. 565 (1) (536 SE2d 240) (2000), the evidence shows that at 10:30 p.m. on September 9, 1999, Officer John P. Crolle was dispatched to a Clayton County gas station upon a report of a suspicious vehicle in its parking lot. There, Officer Crolle found the defendant "passed out or asleep" behind the wheel of a parked vehicle outside the gas station. Officer Crolle testified that the vehicle was running; that the vehicle smelled of vomit and alcohol; that the defendant had vomit in his hair and on his clothing, was disheveled, and had urinated on himself; and that the defendant told him that he had been sick when asked for an explanation as to why he had stopped the vehicle as he had. The defendant tested poorly on the field sobriety tests that Officer Crolle administered on the scene, inclusive of an alco-sensor test confirming the presence of alcohol in the defendant's system.[3] On this, Officer Crolle took the defendant into custody.

Through counsel at trial, the defendant stipulated to a State-administered blood alcohol test which showed that his blood alcohol content was 0.18. On direct, the defendant also admitted that he pled guilty to the State's 1997 similar transaction evidence, a conviction for DUI arising out of circumstances in which he was stopped for speeding and cutting the arresting officer off in traffic. The defendant, however, denied having been the driver in the instant case, testifying that his girlfriend drove him to the gas station where he was found; that they fought; that she left him in the vehicle with the engine running; and that he shifted to the driver's seat thereafter. The defendant's girlfriend and another witness corroborated this testimony.

1. The defendant first contends that the state court erred in allowing State's witness, Officer Crolle, to give his opinion as to the "ultimate issue" in the case, i.e., that "a person is in control of a moving vehicle when [the individual] is on the driver's side of a car with the motor running."

The record reflects that defendant's counsel moved for a mistrial or a curative instruction after Officer Crolle testified on direct as follows:

[State's attorney]: Now, back to the original point when you

---

[3] Alco-sensor testing is in the nature of a field sobriety test. *Keenan v. State*, 263 Ga. 569, 572 (2) (436 SE2d 475) (1993). Alco-sensor results are not used to establish blood alcohol content. Rather, "the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under the influence of alcohol. [Cits.]" *Turrentine v. State*, 176 Ga. App. 145, 146 (1) (335 SE2d 630) (1985).

arrested him. We all know why you might arrest somebody that you see for weaving over the lanes and turns out to be drunk. Why did you arrest this defendant for driving under the influence?

[Officer Crolle]: In the State of Georgia, being in physical control of the vehicle qualifies. The car was running. He had —.

The state court denied the motion for mistrial but gave this curative instruction:

Ladies and gentlemen, it is important that you realize that the law apply[ing] to this particular case, as in any case, comes from the Court. It does not come from any witness that you might hear from throughout the trial of this case. And so, any opinions you hear about what the law may or may not be from witnesses should be disregarded by you. You will receive the law of the case from the Court when the Court charges you with the law after you have heard the evidence.

Thereafter, defendant's counsel renewed his motion for mistrial, and again the state court denied it.

Mistrial can be avoided arising out of improper testimony upon the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety. *Landers v. State*, 194 Ga. App. 329 (1) (390 SE2d 302) (1990), citing *Sabel v. State*, 250 Ga. 640, 644 (300 SE2d 663) (1983), overruled on other grounds, *Massey v. Meadows*, 253 Ga. 389, 390 (321 SE2d 703) (1984). In the present case, the complained-of expert opinion testimony, though error, was harmless as only cumulative of other evidence of record indicating the defendant had physically been in control of a moving vehicle. Officer Crolle asked the defendant why he stopped the vehicle and the defendant answered that he had been sick; thus, the jury was authorized to infer that the defendant had driven the vehicle in issue — this particularly in light of circumstantial evidence otherwise showing that Officer Crolle found the defendant in the driver's seat unconscious and that the vehicle was running. Driving under the influence may be shown by circumstantial evidence. *Jones v. State*, 187 Ga. App. 132, 133 (1) (369 SE2d 509) (1988). It is well settled that being found slumped over the steering wheel with the engine running constitutes such evidence. *Jenkins v. State*, 223 Ga. App. 446, 447 (1) (478 SE2d 143) (1996); *Jones v. State*, supra. Given this and in light of the strong curative instruction the trial judge gave the jury, we conclude that the state court did not

abuse its discretion in denying defendant's motions for mistrial.

2. The state court did not err in admitting the State's similar transaction evidence. Such evidence was admissible to demonstrate the defendant's bent of mind and course of conduct in driving after consuming alcohol.

> Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so. (Citations omitted.) *Smith v. State*, 236 Ga. App. 548, 552 (3) (512 SE2d 19) (1999), rev'd on other grounds, 272 Ga. 83 (526 SE2d 59) (2000).

*Green v. State*, supra at 567 (2).

3. Contrary to the defendant's assertions, Officer Crolle's testimony and the State-administered blood alcohol content result to which the defendant stipulated were sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of driving under the influence of alcohol. However, on sentencing the state court neither merged one count into the other nor indicated to which count the sentence applied. As a consequence, the sentence was improper. *Hewett v. State*, 244 Ga. App. 112-113 (534 SE2d 867) (2000). Because " 'it is apparent from the transcript that for purposes of sentencing the trial judge considered the charges alternative and sentenced [the defendant] for only one offense[,]' "[4] id. at 113, citing *Hoffman v. State*, 208 Ga. App. 574, 576 (2) (430 SE2d 886) (1993), and *Page v. State*, 202 Ga. App. 828, 830-831 (4) (415 SE2d 487) (1992), we vacate Count 2 (the "per se" DUI conviction) and affirm Count 1 (the "less safe to drive" DUI conviction) without remand. *Hewett v. State*, supra at 113.

*Judgment affirmed as to Count 1. Judgment vacated as to Count 2. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 1, 2001.

*Lee Sexton*, for appellant.

*Keith C. Martin, Solicitor-General, Matthew M. McCord, Kristin R. Campbell, Assistant Solicitors-General*, for appellee.

---

[4] The trial judge sentenced the defendant as permissible for a "second" DUI conviction within a five-year period. OCGA § 40-6-391 (c) (2).