A04A1970. HOUGH v. THE STATE.
(605 SE2d 43)

ELDRIDGE, Judge.

Following a bench trial upon stipulated facts in the State Court of Coweta County, Scott Hough was found guilty under a two-count accusation of DUI — less safe driver, and DUI "per se" — excessive BAC.[1] These charges arose in relation to an accident investigation initiated after Hough skidded his GMC Sonoma pickup truck off a curve on Elders Mill Road near Newnan and into a wooden fence, resulting in serious injury to Hough's face and head. He was sentenced to twelve months, serve one day, balance probated; a $750 fine; and forty hours of community service. Hough appeals and, upon review of the enumerated errors, we affirm.

1. Statutory double jeopardy bars multiple convictions for the same conduct, and consideration of this issue is required when it is raised upon the record as a whole.[2] Here, it is undisputed that both

---

[1] Blood Alcohol Content.

[2] OCGA § 16-1-7; *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002).

DUI counts arose from the same conduct.[3] The trial court gave Hough a single sentence on the two DUI counts, thereby treating the counts alternatively and as though they were one count; the court neither merged one count into the other nor indicated to which count the sentence applied. "Even though the trial court enters only a single sentence, if that sentence applies to both DUI counts of the accusation, by definition the court has convicted defendant of two counts of DUI."[4] Consequently, Hough's sentence on both DUI counts of the accusation was improper.[5] Accordingly, we vacate Count 2 (the "per se" DUI conviction) and affirm Count 1 (the "less safe" DUI conviction) without remand.[6]

2. Next, Hough claims the trial court erred in denying his motion to suppress the results of his blood alcohol test because (a) his blood was tested pursuant to Implied Consent law, OCGA § 40-5-55, solely because he was involved in a serious accident, as prohibited by the Supreme Court of Georgia's recent holding in *Cooper v. State*,[7] and (b) the officer read an Implied Consent notice and obtained a blood test before Hough was arrested for DUI, as proscribed by both this Court's holding in *Buchanan v. State*[8] and by OCGA § 40-5-67.1. We find no error in the denial of Hough's motion to suppress.

(a) Hough's claim that his blood was drawn and tested *solely* because he was involved in a serious accident is factually incorrect. The record shows that the officer dispatched to the scene sought a blood test because he suspected Hough of being alcohol impaired based upon the nature of the accident, the strong smell of alcoholic beverage on Hough's breath, and res gestae information that he had been provided on the scene that Hough and another man had been drinking beer at a bar just prior to the wreck. This evidence provided "reasonable grounds" for the officer to suspect that Hough was DUI.[9] Since a blood test was not obtained in this case based solely upon the presence of serious injury but upon reasonable grounds to suspect Hough was DUI, the holding in *Cooper v. State*, supra, is not applicable.[10]

---

[3] See, e.g., *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994) (OCGA § 40-6-391 (a) establishes a single crime of driving in a prohibited condition and subsections (1) through (5) merely define different ways of committing that one crime).

[4] *Hewett v. State*, 244 Ga. App. 112 (534 SE2d 867) (2000).

[5] *Schoolfield v. State*, 251 Ga. App. 52, 55 (3) (554 SE2d 181) (2001); *Hewett v. State*, supra at 112-113; *Hoffman v. State*, 208 Ga. App. 574, 576 (2) (430 SE2d 886) (1993); *Page v. State*, 202 Ga. App. 828, 830-831 (4) (415 SE2d 487) (1992).

[6] *Schoolfield v. State*, supra at 55; *Hewett v. State*, supra at 113.

[7] 277 Ga. 282 (587 SE2d 605) (2003).

[8] 264 Ga. App. 148 (589 SE2d 876) (2003).

[9] OCGA § 40-5-67.1 (a).

[10] *Oliver v. State*, 268 Ga. App. 290 (601 SE2d 774) (2004).

(b) Citing OCGA § 40-5-67.1, Hough argues that the results of his blood test must be suppressed because he was not under arrest for DUI at the time such test was requested and administered, and, as we held under the specific circumstances presented in *Buchanan v. State*, supra, "consent is implied only if a person is *arrested* for a violation of OCGA § 40-6-391."[11] We find that Hough's reliance on *Buchanan* is misplaced. That case was fact driven and clearly distinguishable from the circumstances presented here. In *Buchanan*,

> the police officer testified that, based on Buchanan's behavior, he concluded that Buchanan was either injured or under the influence of alcohol or drugs; the officer *was not sure to, which circumstance he could attribute Buchanan's conduct.*[12]

In the instant case, the officer testified as to his belief that Hough was DUI and the reasonable grounds for that belief. Further, in *Buchanan*, the defendant consented to having his blood tested after being told that "the officer . . . 'had to take it anyway' given the seriousness of the accident. [Thus,] Buchanan did not believe he had a choice."[13] Here, Hough was not told his blood was going to be tested due to serious injury, with or without his consent; he was given a choice; he was asked to consent to a blood test because of suspected DUI pursuant to the Implied Consent notice for drivers over 21, OCGA § 40-5-67.1 (b) (2); and he agreed to the test. Hough did not testify at the motion hearing, and there is no evidence that his consent was involuntary.

Under OCGA § 40-5-67.1, a state-administered chemical test may be obtained by a law enforcement officer having reasonable grounds to believe that a person is DUI and,

> the officer has arrested such person for [DUI] . . . *or* the person has been involved in a traffic accident resulting in serious injuries or fatalities.[14]

An arrest *or* serious injury are alternative conditions precedent to seeking a chemical test pursuant to Implied Consent laws *where reasonable grounds to suspect a violation of OCGA § 40-6-391 (DUI) are also present.*[15] Here, as determined in Division 2 (a), supra, the

---

[11] (Emphasis in original.) *Buchanan v. State*, supra at 150 (1).

[12] (Emphasis supplied.) Id.

[13] Id. at 149.

[14] (Emphasis supplied.) OCGA § 40-5-67.1 (a).

[15] Compare *Cooper v. State*, supra at 292 (VI) ("Cooper was not suspected of violating OCGA § 40-6-391 at the time the trooper advised him of the implied consent law.").

officer had reasonable grounds to believe Hough was DUI in violation of OCGA § 40-6-391 (a) (1) *and* Hough was involved in a traffic accident resulting in serious injury. Under these circumstances, an arrest is not also required by OCGA § 40-5-67.1 for the administration of chemical testing per Implied Consent law.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 3, 2004 —
RECONSIDERATION DISMISSED SEPTEMBER 28, 2004 — 

*Monte K. Davis*, for appellant.
*Robert Stokely, Solicitor-General*, for appellee.