**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2013**

# In the Court of Appeals of Georgia

A13A0245. STRICKLAND v. THE STATE.                    DO-010 C

DOYLE, Presiding Judge.

Christopher Strickland was convicted of driving under the influence of alcohol to the extent it was less safe to do so.[1] Strickland thereafter filed a motion for new trial, which the trial court denied. Strickland appeals, arguing that (1) the trial court erred by admitting similar transaction evidence and that (2) he received ineffective assistance of counsel. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence

---

[1] OCGA § 40-6-391 (a) (1). Strickland was also charged with one count of possession of less than an ounce of marijuana, OCGA § 16-13-30 (j) (i), to which charge he pleaded guilty prior to trial.

is sufficient under the standard of *Jackson v. Virginia*.[2] This same standard applies to our review of the trial court's denial of [the defendant's] motion for new trial. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

Viewed in that light, the evidence shows that in the early morning hours of August 27, 2008, a Forsyth County officer was patrolling his assigned area and discovered a parked pickup truck very close to the entrance of a supermarket parking lot. Strickland's vehicle was improperly parked in an aisle area between the designated rows of parking spaces. The vehicle was running, the parking lights were on, and it had been located in the lot only about 15 to 20 minutes, and not more than 30 minutes. The officer exited his patrol car, approached the vehicle, found no one in the cab, and discovered Strickland passed out on his stomach in the bed of the pickup. After several minutes of attempting to rouse Strickland, the officer finally succeeded, and he encountered the strong smell of alcohol on Strickland's person.

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Footnotes omitted.) *Stephens v. State*, 247 Ga. App. 719 (545 SE2d 325) (2001).

2

The officer questioned Strickland about where he thought he was, and he answered "at home." Strickland first told the officer that he consumed "a lot" to drink, but then stated he had consumed "three" drinks. The officer again asked Strickland if he knew where he was, and he "kind of looked around and . . . said DeKalb County." The officer asked Strickland if he knew how he got there, and he answered that "[he] drove . . . [but] was not going to drive anymore because he had too much to drink." Strickland thereafter refused to perform any field sobriety tests, and the officer arrested him.

Based on those facts, the jury was authorized to conclude that Strickland was guilty of DUI - less safe.[4]

---

[4] See, e.g., *Hinton v. State*, 319 Ga. App. 673, 675 (738 SE2d 120) (2013) ("OCGA § 40-6-391 (a) (1) provides that a person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. To sustain a conviction under this statutory provision, the State must prove that the defendant was (1) driving, (2) under the influence of alcohol, (3) to the extent that it was less safe for the person to drive.") (punctuation omitted), quoting *Jaffray v. State*, 306 Ga. App. 469, 471 (1) (702 SE2d 742) (2010). See also *Jenkins v. State*, 223 Ga. App. 446, 447 (1) (478 SE2d 143) (1996) ("[I]t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.") (citations and punctuation omitted; emphasis in original).

1. Strickland first contends that the trial court erred by allowing evidence of a earlier DUI conviction because it was not similar to the facts of the underlying charge.

We review the trial court's findings of fact regarding similar transaction evidence under the clearly erroneous standard, but we will not disturb the trial court's ultimate decision to admit evidence absent an abuse of discretion.[5] "Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so."[6]

The facts of the similar transaction that were admitted into evidence showed that Strickland was convicted of a DUI subsequent to the date of the DUI in question

---

[5] See *Reed v. State*, 291 Ga. 10, 13 (3) (727 SE2d 112) (2012) (approving two standards of review for admission of similar transaction evidence: clear error for the trial court's findings of fact and abuse of discretion for the trial court's ultimate decision whether to admit evidence). See also *Simmons v. State*, 291 Ga. 705, 710 (8) (a) (733 SE2d 280) (2012).

[6] *Schoolfield v. State*, 251 Ga. App. 52, 55 (2) (554 SE2d 181) (2001) (similar transaction of past DUI in which defendant was stopped for speeding and reckless driving was admitted into evidence in a case against the defendant in which he was discovered passed out in a parked car).

here. He was driving the same truck in which he was discovered in the parking lot, and he refused the State-administered breath test as he did in this case. Based on the facts and this Court's case law, the trial court did not abuse its discretion by admitting the similar transaction evidence to show bent of mind and course of conduct.[7]

2. Strickland also contends that his trial counsel was ineffective.

> In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[8] a criminal defendant is required to show that counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different. Upon appellate review of that claim, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[9]

(a) Strickland contends that his trial counsel was ineffective for failing to ask for a continuance to call a witness who had been subpoenaed and who was critical to the defense. We disagree.

---

[7] See id. See also *Ayiteyfio v. State*, 308 Ga. App. 286, 289-290 (2) (707 SE2d 186) (2011).

[8] 466 U. S. 668 (104 SCt 2052, 80 LEd2d 674) (1984).

[9] (Citations and punctuation omitted.) *Reeves v. State*, 288 Ga. 545, 546 (2) (705 SE2d 159) (2011).

Specifically, Strickland contends that his trial counsel was ineffective for failing to move for a continuance in order to allow witness Seth Simoni to testify that he had driven Strickland from the club at which the two were drinking to the supermarket parking lot where the officer found Strickland passed out in his vehicle. At the hearing on the motion for new trial, Strickland's trial counsel testified that he did not ask for a continuance of the trial in order to have Simoni testify because he believed that the State had failed to prove that Strickland was in control of the motor vehicle such that the jury could find Strickland guilty of DUI - less safe. Trial counsel explained that he had subpoenaed Simoni to testify, but Simoni was arrested for an outstanding charge on the day of Strickland's trial. Thus, at the close of the State's case, when Strickland moved for a directed verdict of acquittal on the basis that the State failed to establish that Strickland had operated his vehicle while intoxicated, Strickland's trial counsel made the strategic decision not to ask for a continuance in order to secure Simoni's testimony.

"Whether to present an alibi defense is a strategic and tactical decision that, after thorough investigation and client consultation, is virtually unchallengeable and does not require a finding of ineffective assistance of counsel."[10] Here, Strickland's

---

[10] (Punctuation omitted.) Id. at 546 (2).

6

counsel testified that his decision was a strategic one, and we will not second guess it in hindsight. The record does not contain the nature of the charges for which Simoni was arrested on the day of Strickland's trial, but those charges may have been admissible to impeach his testimony. Moreover, based on the evidence presented at trial, including Strickland's repeated statements to the officer that he drove himself to the location; the state of the vehicle (parked in the aisle of a parking lot, with the motor running and parking lights on) when the officer came upon it; and the small window of time during which Simoni would have had to have completed dropping off Strickland and then left the area, it is unlikely that trial counsel's failure to secure his testimony affected the verdict.[11] Accordingly, the trial court did not err by denying Strickland's motion for new trial on this ground.

(b) Strickland also contends that his trial counsel was ineffective for failing to conduct voir dire of the potential jury.

---

[11] Cf. *Dorris v. State*, 291 Ga. App. 716, 717-718 (662 SE2d 804) (2008) (circumstances, including the lack of beverage containers in cab of the vehicle and irregular manner of parking, conflicted with defendant's testimony that she consumed alcohol after arriving at the location and parking); *Schoolfield*, 251 Ga. App. at 53 (defendant's girlfriend and another witness testified at trial that they drove him to the location at which he was found passed out in a running vehicle without any sign of another driver at the location).

At the hearing on the motion for new trial, Strickland's trial counsel testified that he "wish[ed] he had" conducted voir dire of the potential jurors because he would have discovered that one of the jurors "had a son that was an alcoholic[, the juror's son] had a felony case that was prosecuted by [the trial judge] when [the judge] was the [district attorney,] and [the juror] had a connection with — he knew [the trial judge] and his wife socially." Nevertheless, "[b]y their nature, trial counsel's conduct of voir dire and the decision on whether to interpose challenges are matters of trial tactics."[12] The voir dire portions of the trial were not transcribed, but the trial court's order denying Strickland's motion for new trial found that the court asked each juror general questions, and the State followed with more specific questions. This finding is not challenged in Strickland's brief. As the trial court aptly concluded, trial counsel's choice not to prolong voir dire was not unreasonable, and his testimony at the motion for new trial hearing suggested the benefit of hindsight.

Moreover, for the reasons stated in Division 2 (a) supra, it is unlikely based on the facts of this case that any voir dire of the jury would have affected the outcome of the trial, and the trial court, therefore, did not err by denying the motion for new trial on this ground.

---

[12] *Head v. Carr*, 273 Ga. 613, 623 (4) (C) (2) (554 SE2d 409) (2001).

*Judgment affirmed. Boggs, J., concurs. McFadden, J., concurs in Divisions 1 and 2(b) and in the judgment.*

A13A0245. STRICKLAND v. THE STATE.

McFADDEN, Judge, concurring specially.

I concur in the judgment only as to Division 2 (a). Otherwise I concur fully.

Trial counsel testified that his failure to insist upon a continuance in order to secure the attendance of a properly-subpoenaed witness who did not appear at trial was a mistake. And – in a candid and severe self-assessment – he testified that he had subordinated his client's interests to the convenience of the other participants in the trial. I cannot agree that this admitted mistake can be labeled "strategy" and disregarded.

As trial counsel put it at the start of his very brief opening statement, "most DUI cases are about whether the driver was drunk. This case is about whether the drunk was driving." There was no other defense.

Trial counsel put up no evidence to support that defense. He had properly subpoenaed Seth Simoni and therefore apparently was entitled to a continuance when Simoni did not appear. See OCGA § 17-8-25; *Anthony v. State*, 276 Ga. App. 107, 109 (2) (622 SE2d 450) (2005). At the new trial hearing, Simoni testified that he and Strickland, both contractors, had traveled together in Simoni's vehicle to look at a job, that they had stopped for drinks afterwards, "and then I took him back to his vehicle, which was in a grocery store parking lot, and I dropped him off."

Strategy entails analysis of the potential risks and benefits of particular tactics. Trial counsel's hope that the jury would acquit, without more, was not strategy. And I do not see how the possibility of its being disbelieved is a strategic reason for not introducing the sole evidence of the sole defense.

A long line of our cases, in which a defendant was found drunk in or near a parked vehicle, hold the circumstantial evidence sufficient to support an inference that the defendant got there by driving drunk and therefore to affirm the DUI conviction. *Patterson v. State*, 302 Ga. App. 27 (690 SE2d 625) (2010); *Deering v.*

2

*State*, 244 Ga. App. 30 (535 SE2d 4) (2000); *Jones v. State*, 219 Ga. App. 780 (466 SE2d 667) (1996); *Frye v. State*, 189 Ga. App. 181 (375 SE2d 101) (1988); *Stephens v. State*, 127 Ga. App. 416 (193 SE2d 870) (1972). A shorter line of our cases, on the other hand, find that inference could be rebutted as a matter of law by evidence that someone else drove. *Krull v. State*, 211 Ga. App. 37 (438 SE2d 152) (1993). Cf. *State v. Hill*, 178 Ga. App. 669 (344 SE2d 491) (1986).

Trial counsel's failure to insist upon a continuance cannot be disregarded on the basis that it was strategy. While "trial counsel is afforded tremendous deference over matters of trial strategy," such "trial strategy must be reasonably supported and within the wide range of professionally competent assistance." *Westbrook v. State*, 291 Ga. 60, 64 (4) (b) (727 SE2d 473) (2012); *Turpin v. Christenson*, 269 Ga. 226, 239 (12) (B) (497 SE2d 216) (1998) (citations omitted).

I nevertheless concur in the judgment, because I agree that the ineffective assistance argument fails on the second prong of the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LEd2d 674) (1984). In light of the undisputed evidence that appellant's truck was parked "in between parking space[s] . . . right in the middle of the aisle, sideways between two aisles," where it would have been in the way of a customer trying to park, and its engine was running and its

3

parking lights were on, and that appellant told the arresting officer that he had been driving, I agree that the appellant cannot show a reasonable probability that the outcome of the trial would have been different.