**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 15, 2014**

# In the Court of Appeals of Georgia

A13A2269. POUGH v. THE STATE.

MILLER, Judge.

A jury found Clifford Pough guilty under Count 1 of driving under the influence to the extent it was less safe to drive ("DUI less safe") (OCGA § 40-6-391 (a) (1))) and guilty under Count 2 of driving with an unlawful alcohol concentration ("DUI per se") (OCGA § 40-6-391 (a) (5)), based on the same conduct. Pough appeals from the denial of his motion for new trial, contending that the evidence was insufficient to establish his guilt for the DUI offenses. For the reasons that follow, we affirm in part and vacate in part.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. *Davis v. State*, 301 Ga. App. 484 (1) (687 SE2d 854) (2009).

> We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find [Pough] guilty of the charged offense beyond a reasonable doubt. As long as there is some evidence, even though contradicted, to support each necessary element of the [S]tate's case, the verdict will be upheld.

(Punctuation and footnotes omitted.) Id.

So viewed, the evidence shows that on the night of December 1, 2011, Sergeant Roger Bell of the Gwinnett County Police Department was patrolling Interstate 85 between Beaver Ruin Road and Old Peachtree Road. At approximately 11:50 p.m., Sergeant Bell noticed a gold Jeep along the northbound shoulder of the interstate. Sergeant Bell believed the motorist needed assistance so he pulled over to offer help. Upon exiting his patrol vehicle, Sergeant Bell noticed that no one was inside the Jeep and that the engine was running. As he approached the Jeep, Sergeant Bell saw Pough standing near the front right corner of the vehicle. Pough stated that he was on his way home from shooting pool at a sports bar and he stopped his Jeep because he had to urinate. Sergeant Bell observed that Pough had a strong odor of alcohol coming from his breath, his speech was slow and slurred, and his eyes were very bloodshot. After Pough admitted to having a few drinks earlier that night, Sergeant Bell called for a member of the police department's DUI Task Force.

2

Shortly thereafter, Officer Jordan Cyphers responded to the scene. Upon making contact with Pough, Officer Cyphers also observed that Pough had a strong order of alcohol on his breath, his eyes were bloodshot and glazed, his speech was mumbled and slurred, and he had urinated on himself. Officer Cyphers asked Pough if he was willing to participate in field sobriety evaluations, and Pough responded in the affirmative. Officer Cyphers observed all six possible indicators on the horizontal gaze nystagmus evaluation, four of eight indicators on the walk and turn evaluation, and two of four indicators on the one-leg-stand evaluation. Pough also registered a positive reading on the alco-sensor test. Based upon failing the field sobriety evaluations, Pough was arrested for DUI less safe. Officer Cyphers then read Pough the implied consent warning, and Pough consented to the State's intoxilyzer test. Pough's two sequential breath samples registered blood-alcohol concentrations of 0.157 and 0.160.

1. Before turning to the merits of Pough's appeal, we note that at sentencing, the trial court merged Count 1 (DUI less safe) and Count 2 (DUI per se) and gave Pough a single sentence. The trial court, however, failed to identify which count merged into the other or to identify on which count it was sentencing Pough.

3

> Where two DUI charges are based on the same conduct, the evidence will not support convictions of two separate offenses. Even though the trial court enters only a single sentence, if that sentence applies to both DUI counts of the accusation, by definition the court has convicted defendant of two counts of DUI.

(Footnote omitted.) *Hewett v. State*, 244 Ga. App. 112 (534 SE2d 867) (2000).

Rather than remanding the case to clarify Pough's sentence, we may elect to vacate one conviction and affirm the other where, as here, it is apparent that the trial court "considered the charges alternative and sentenced appellant for only one offense." (Footnote omitted.) Id. at 113. As a result, we vacate the DUI per se conviction and affirm the DUI less safe conviction, which is supported by the evidence, as discussed in more detail below. See, e.g., *Schoolfield v. State*, 251 Ga. App. 52, 55 (3) (554 SE2d 181) (2001); *Hewett*, supra, 244 Ga. App. at 113.

2. Pough contends that the evidence was insufficient to support his conviction for DUI, because the evidence that he was driving was entirely circumstantial and he presented evidence that he was not driving. We disagree.

OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while: . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive."

4

The crime of driving while under the influence to the extent that it is less safe to drive does not require proof that a person actually committed an unsafe act while driving; rather, it requires showing three elements: (1) driving, (2) under the influence of alcohol, (3) to the extent that it is less safe for the person to drive.

(Footnote omitted.) *Jaffray v. State*, 306 Ga. App. 469, 470-471 (1) (702 SE2d 742) (2010). Moreover,

[i]t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. It is likewise settled that to sustain a judgment of conviction, the evidence need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.

(Citations and punctuation omitted.) *Stephens v. State*, 271 Ga. App. 634, 635 (610 SE2d 613) (2005).

Here, Pough does not challenge the overwhelming evidence showing that he was impaired due to alcohol. Instead, he contends that the circumstantial evidence showing that he was driving could not support his conviction because he presented credible evidence that he was a riding as a passenger in his Jeep before the police officer found him standing outside his vehicle.[1] The jury, however, was entitled to

---

[1] At trial, Pough and his friend testified that the friend went to pick up Pough at the sports bar after he called her. They testified that the friend then drove Pough in his Jeep, while another individual followed them in the friend's car. According to Pough and the friend, they got into an argument while driving, whereupon the friend

reject this evidence in light of Pough's statement to the police officer that he was, in fact, driving. See *Dechant v. State*, 294 Ga. App. 23, 25 (1) (668 SE2d 501) (2008) (jury authorized to disbelieve defendant's assertion that he was not driving in light of his contradictory statements). Specifically, when questioned, Pough admitted that he was driving home when he stopped to urinate. The evidence also showed that when the police officer encountered Pough just outside his Jeep, the Jeep's engine was running and that no one else was around. Consequently, "[a]lthough the officer did not see the car moving, he observed circumstances from which a jury could infer that [Pough] was in actual physical control of the car when it was moved to the location where the officer found it, and that [Pough] was intoxicated while moving it there." (Citations omitted.) *Stephens*, supra, 271 Ga. App. at 635.

In addition to the circumstantial evidence that Pough was driving, the remaining evidence clearly established that he was under the influence of alcohol to the extent that it was less safe for him to drive. Notably, the evidence showed several indicators of impairment, Pough admitted that he had been drinking earlier that night, his breath samples revealed blood-alcohol concentrations of 0.157 and 0.160, and the

___

stopped the Jeep, got out, entered her own car, and left Pough on the side of the interstate.

officer opined that Pough was less safe to drive. See *Pecina v. State*, 274 Ga. 416, 418-419 (2) (554 SE2d 167) (2001) (affirming DUI less safe conviction where evidence showed a strong odor coming from driver's breath, he admitted that he had been drinking, he had urinated on himself, and he almost fell down when he exited his vehicle); *Jaffray*, supra, 306 Ga. App. at 471 (1) (evidence supported DUI less safe conviction where officer opined that suspect was impaired driver, driver's blood alcohol concentration was above the legal limit, driver admitted to drinking, and driver smelled of alcohol and had watery, bloodshot eyes). As a result, the evidence was sufficient to sustain Pough's conviction at to Count 1–DUI less safe.

*Judgment affirmed as to Count 1. Judgment vacated as to Count 2. Barnes, P. J., and Ray, J., concur.*