S10A2029. SLACK v. THE STATE.

(706 SE2d 447)

HINES, Justice.

Jonathan Slack appeals his convictions for malice murder, possession of a firearm during the commission of a crime, and possession of a firearm by a felon and first offender in connection with the fatal shooting of Travis Scott. Slack's challenge is premised upon alleged error in the trial court's finding of merger of certain offenses for which he was found guilty but not sentenced and upon the claim that trial counsel was ineffective. Finding the challenge to be wholly

without merit, we affirm.[1]

The evidence construed in favor of the verdicts and the bench judgment of guilt showed the following. On the evening of September 10, 2007, Slack and Scott and a group of other persons were at the apartment where Slack was living with his girlfriend, Valerie Robinson. Most of the group, including Slack and Scott, were drinking alcohol, smoking marijuana, and "popping" the drug ecstasy. Slack was seen with an Intertech nine millimeter pistol, referred to in slang as a "Tech-9." After playing a card game, Slack and others went into the kitchen; Scott followed shortly thereafter and poured himself some juice. Slack "shook his head, no, twice" and then drew the Tech-9 and shot Scott in the head, fatally wounding him. Roberts witnessed the shooting, and as he tried to flee the apartment, Slack shot him in the leg. Roberts heard two or three more shots and turned around to see Slack pointing the handgun at him; Roberts "balled up," hoping that Slack would think that he was dead. Slack fled the scene.

All the bullets fired at the scene, including the one that killed Scott, were fired from a 9 millimeter pistol, the same caliber as a Tech-9.

1. The evidence was sufficient to enable a rational trier of fact to find Slack guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Slack contends that the trial court improperly "merged" his felony murder and aggravated assault "convictions" with his malice murder conviction. He concedes that such alleged errors would "not result in any change in [his] life sentence on the [m]alice murder conviction," and despite the fact that, other than the possession convictions which he does not challenge, he was sentenced only on the malice murder count, he nonetheless cites the prohibition against substantive double jeopardy and argues that merging the

---

[1] The shooting occurred on September 10, 2007. On May 21, 2008, a Clayton County grand jury indicted Slack for Count 1 – the malice murder of Scott; Count 2 – the felony murder of Scott while in the commission of aggravated assault; Count 3 – the aggravated assault of Scott with the intent to murder; Count 4 – possession of a firearm during the commission of a crime; and Count 5 – possession of a firearm by a felon and first offender. He was tried before a jury on Counts 1 through 4, August 18-21, 2008, and found guilty of those charges; the trial court found him guilty on Count 5. On August 21, 2008, Slack was sentenced to life in prison on Count 1, five years in prison on Count 4, to be served consecutively to the sentence on Count 1, and five years in prison on Count 5, to be served concurrently with the sentence on Count 4 and consecutively to the sentence on Count 1. Count 2 stood vacated by operation of law, and Count 3 was found to merge for the purpose of sentencing. A motion for new trial was filed on September 8, 2008, and the motion was denied on June 8, 2010. A notice of appeal was filed on June 23, 2010. The case was docketed in this Court in the September 2010 term, and the appeal was submitted for decision on briefs.

felony murder and aggravated assault into the malice murder had the effect of convicting him for each of the offenses, contrary to OCGA § 16-1-7 (a) (1).[2] But, such arguments are unavailing.

To begin with, under our criminal code, a "conviction" is defined as including "a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." OCGA § 16-1-3 (4). The jury's verdicts on the felony murder and aggravated assault counts were not equivalent to convictions on the charges. *Bell v. State*, 287 Ga. 670, 673 (2) (697 SE2d 793) (2010). And, neither was a judgment of conviction entered nor a sentence imposed for those crimes. The cited bar of double jeopardy found in OCGA § 16-1-7 prohibits multiple convictions, not prosecutions for the same conduct. *Walker v. Hale*, 283 Ga. 131, 133 (1) (657 SE2d 227) (2008).

Simply, inasmuch as Slack was found guilty of malice murder and sentenced thereon, the felony murder verdict stood vacated by operation of law. *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). The fact that the trial court may have used the term "merged" in regard to the felony murder is of no moment because it correctly recognized that Slack could not be punished for the felony murder as well as the malice murder. And, as to the aggravated assault, the trial court assessed the crime for factual merger, as it was authorized to do. Id. at 374 (5).

3. Slack also contends that his trial counsel rendered ineffective assistance because counsel failed to investigate Slack's alleged history of mental illness. But, even though new appellate counsel stated a claim of ineffective assistance of trial counsel in the motion for new trial appellate counsel filed on behalf of Slack, the claim was not pursued before the trial court. In fact, the transcript of the hearing on the motion for new trial reveals that the only basis for new trial argued to the trial court was that of insufficiency of the evidence, with the focus being on venue. There was no attempt to introduce any evidence whatsoever about Slack's now asserted history of mental illness or trial counsel's knowledge of it and consequent failure to investigate Slack's emotional state in regard to crafting a defense. Therefore, the claim must fail. *Jennings v. State*, 282 Ga. 679, 680 (2) (653 SE2d 17) (2007); *Pruitt v. State*, 279 Ga. 140, 144 (5) (611 SE2d 47) (2005); *Daniels v. State*, 296 Ga. App. 795, 803 (5) (h) (676 SE2d 13) (2009).

---

[2] OCGA § 16-1-7 (a) (1) provides:

(a) When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if:

(1) One crime is included in the other; . . .

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Mack & Harris, Robert L. Mack, Jr.,* for appellant.
*Tracy Graham-Lawson, District Attorney, Stephen N. Knights, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Reggie A. Lampkin, Assistant Attorney General,* for appellee.