**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 17, 2014

# In the Court of Appeals of Georgia

A14A0304. COLLINS v. THE STATE.

BRANCH, Judge.

Following a stipulated bench trial, Camela Noelle Collins was found guilty on one count of failure to maintain her lane and two counts of driving under the influence of alcohol, one each for DUI less safe (OCGA § 40-6-391 (a) (1)) and DUI per se (OCGA § 40-6-391 (a) (5)). The trial court merged the DUI per se count into the DUI less-safe count for purposes of the conviction and sentence. Collins appeals and raises three enumerations of error, all of which pertain to the measurement of her breath-alcohol concentration by the Intoxilyzer 5000, evidence of which was introduced at her trial. Because no conviction was entered on the count of DUI per se, Collins's assertions of error are moot or any error is harmless, and we affirm.

The case was submitted to the court based on stipulated evidence. Collins and the State stipulated that if Rockdale County Deputy Lawrence Reed were called to testify at trial, he would testify that at 3:48 a.m. on May 17, 2007, he initiated a traffic stop of Collins's vehicle after he witnessed her make a wide right turn and cross over the center line and fog line at least three times. While speaking with Collins, Reed detected the strong odor of alcohol, and he observed that her eyes were watery and her speech was "thick-tongued"; Collins denied having consumed any alcohol that evening. When asked to step out of the vehicle, Collins had difficulty putting on her shoes, and she was unsteady on her feet. When asked to perform field sobriety tests, Collins was unable to follow instructions not to start the individual tests until Reed instructed her to do so; on the nine-step walk and turn test, Collins was unable to walk heel to toe as requested, could not maintain a straight line, did not take nine steps as instructed, and swayed and was unsteady on her feet during the test; on the one-leg stand test, she lost her balance and had to place her foot on the ground. When asked a second time about alcohol consumption, Collins stated that she had consumed a few drinks but that she was not drunk and was capable of driving. A portable breath test registered positive for the presence of alcohol. Reed then arrested Collins, read her the Georgia Implied Consent Notice, and transported her to the Rockdale County Jail

2

where her breath was tested on the Intoxilyzer 5000. The machine indicated that Collins had a breath-alcohol concentration of 0.129. Collins did not request an independent test. The trial court also relied on evidence heard in earlier evidentiary hearings in the case, including Collins's admission that she had consumed three or four Crown Royal and ginger ale drinks that evening.

During her criminal case, in an attempt to secure production of the Intoxilyzer 5000 source code[1] from the machine's manufacturer in Kentucky, Collins filed a motion seeking a determination of materiality, relevance, and necessity of the Intoxilyzer 5000 source code under the Uniform Act to Secure the Attendance of Witnesses from Without the State (the "Uniform Act"), OCGA § 24-13-90 et seq.[2]

---

[1] "The 'source code' consists of human-readable programming instructions that play a role in controlling the internal calibration of the Intoxilyzer 5000 machine." *Cronkite v. State*, 293 Ga. 476, 477, n. 2 (745 SE2d 591) (2013).

[2] The Uniform Act provides a statutory means to compel an out-of-state witness to testify at, or to bring relevant documents to, criminal proceedings in Georgia. *Davenport v. State*, 289 Ga. 399-400 (711 SE2d 699) (2011). See also *Yeary v. State*, 289 Ga. 394, 396 (711 SE2d 694) (2011) ("an out-of-state corporation may be "a person" that is a material witness under the Uniform Act and may be determined to be in possession of material evidence"). Where the appellant seeks to obtain the source code for the Intoxilyzer 5000 from a corporation located in Kentucky, the Uniform Act applies. *Yeary*, 289 Ga. at 396-397. See also *Young v. State*, 324 Ga. App. 127, 129 (1) (749 SE2d 423) (2013). As of January 1, 2013, Georgia's new Evidence Code has moved the provisions of the Uniform Act from former OCGA §§ 24-10-90 through 24-10-97 to current OCGA §§ 24-13-90 through 24-13-97.

3

The trial court entered an order granting the motion and directing Collins to take the next steps required under the Uniform Act in a Kentucky court in order to obtain an out-of-state subpoena to secure the specific information requested.[3] Collins contends that although she took the necessary steps in the Kentucky court, she was ultimately unable to obtain full and unencumbered access to the Intoxilyzer 5000 source code. She also contends she has appealed the Kentucky court's decision and is awaiting a decision.

Nevertheless, the record shows that on May 2, 2012, Collins moved for a continuance in the present case and stated to the court that she "now has access to the source code of the Intoxilyzer 5000 pursuant to [the Kentucky court's] Order." She requested time to identify and hire an expert to review the source code, and she stated that she intended to complete the process within 90 days. The trial court granted the continuance. Five months later, however, Colins moved to exclude or suppress the breath test results, asserting violations of several constitutional rights. The trial court addressed the constitutional claims and denied the motion, in part because the trial court found that "the failure to examine the source code now appears to come, not

---

[3] The applicable Uniform Act procedures are explained in the statute and in *Davenport*, 289 Ga. at 401-402.

4

from any obstacle erected by the State, this Court, or the Kentucky Court, but from Defendant's own decision not to avail herself of the opportunity afforded by [signing a protective order as a prerequisite to obtaining access to the source code in the Kentucky court]." Subsequently, the Rockdale County trial court placed the case on its trial calendar.

Following presentation of the stipulated evidence, the trial court found Collins guilty on all three counts: failure to maintain lane, DUI less safe, and DUI per se. On November 29, 2012, the court entered judgment sentencing Collins to 12 months on both DUI counts. Later, however, the court amended the sentence nunc pro tunc to November 29, 2012, to indicate that it sentenced Collins on only the count of DUI less safe; the count of DUI per se was "MERGED W/CT. 1." The court denied Collins's motion for new trial. In so doing, the court specifically rejected Collins's argument "that the evidence of [her] breath alcohol concentration contributed to the Court's finding of guilt of DUI less safe."

On appeal, Collins asserts three enumerations of error: (1) the trial court violated her constitutional rights to due process and compulsory process by forcing her case to trial without the evidence she sought from the manufacturer of the Intoxilyzer 5000; (2) the trial court erred by denying her motion for new trial because

5

she was in fact found guilty of both DUI counts and the blood-alcohol evidence affected the count of DUI per se; and (3) trial counsel rendered ineffective assistance of counsel by failing to admit into evidence "materials relating to the validity of the source code and the Intoxilyzer 5000 machine." We conclude that these enumerations of error are moot and that any possible error is harmless.

Although Collins was found guilty on both DUI counts, she was only convicted of DUI less safe. See *Slack v. State*, 288 Ga. 659, 661 (2) (706 SE2d 447) (2011) (guilty verdicts are not the equivalent of convictions; where trial court merged two counts for which double jeopardy prohibited multiple convictions, count that was merged into the other "stood vacated by operation of law") (citation omitted); *Darville v. State*, 289 Ga. 698, 699, n. 1 (715 SE2d 110) (2011). See also *Pough v. State*, 325 Ga. App. 547, 548 (1) (754 SE2d 129) (2014) (vacating per se conviction and affirming less safe conviction where trial court entered a single sentence that applied to both counts and failed to indicate which count merged into the other). Thus, Collins was not convicted on the count of DUI per se. See, e.g., *Durrance v. State*, 319 Ga. App. 866, n. 1 (738 SE2d 692) (2013) ("[Defendant] was not convicted of the DUI less safe offense, however, because the trial court merged the offense into the DUI per se charge.") (citation omitted). Accordingly, Collins's assertions of error related only

6

to that count are moot and any possible error is harmless. See, e.g., Id. at 866, n. 2 ("Although Durrance also challenges the sufficiency of the evidence regarding the DUI less safe offense, his claim is rendered moot by the trial court's merging of that count for sentencing.") (citations omitted); *Greene v. State*, 312 Ga. App. 666, 671 (2) (722 SE2d 77) (2011) (any failure to charge jury on law predicated upon the DUI less safe count, which was merged into the DUI per se conviction, was harmless). Finally, in this case, the trial court specifically held that the breath-alcohol concentration evidence did not affect the court's finding of guilt on the count of DUI less safe. See generally *Evans v. State*, 253 Ga. App. 71, 76 (2) (a) (558 SE2d 51) (2001) ("impaired driving ability depends solely upon an individual's response to alcohol, regardless of his or her blood alcohol content"). Compare *Kitchens v. State*, 258 Ga. App. 411, 415 (1) (574 SE2d 451) (2002) (possible harm shown where "trial court, sitting without a jury, specifically relied on the [blood alcohol] test results in reaching its conclusion that [defendant] was a less safe driver"). Because all of Collins's enumerations of error relate specifically to the count of DUI per se they are moot; furthermore Collins can show no harm with regard to her conviction of DUI less safe from any evidence related to the Intoxilyzer 5000. Her conviction of DUI less safe is therefore affirmed.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*

7