**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS, J., and SENIOR APPELLATE JUDGE BEASLEY**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 25, 2018**

# In the Court of Appeals of Georgia

A18A0123. JENKINS v. THE STATE.

ANDREWS, Judge.

Derondell Edwin Jenkins appeals from the judgment of conviction entered on bench trial verdicts finding him guilty of trafficking in cocaine in violation of OCGA § 16-13-31 (a) (count 1); fleeing or attempting to elude a pursuing police vehicle while driving in excess of 20 miles per hour over the posted speed limit in violation of OCGA § 40-6-395 (a), (b) (5) (A) (i) (count 4); and obstructing or hindering a law enforcement officer in violation of OCGA § 16-10-24 (count 10).[1] Jenkins claims the trial court erred by denying his pre-trial motion to suppress and by admitting evidence

---

[1] The trial court found Jenkins guilty of an additional count of fleeing or attempting to elude a pursuing police vehicle (count 5), but the guilty verdict on count 5 was vacated by operation of law when the court merged count 5 into count 4. *Collins v. State*, 327 Ga. App. 590, 592 (760 SE2d 606) (2014).

at the bench trial showing the cocaine found in his possession. For the following reasons, we find the trial court did not err by denying the motion to suppress and admitting the cocaine evidence. We find the evidence was sufficient to support the guilty verdicts and affirm.

The prosecution and the defense stipulated to the evidence admitted at the bench trial including evidence admitted at the hearings on Jenkins's pre-trial motion to suppress and motion for bond. The evidence showed that agents of the United States Drug Enforcement Administration were conducting surveillance on a residence in Duluth assisted by a Georgia State Patrol officer stationed in his patrol vehicle near the residence. When the agents advised the GSP officer that a black Toyota Tundra had arrived at the residence and had just left, the officer followed the Tundra and attempted to conduct a traffic stop on the basis that it was raining at the time and the Tundra was being operated without its lights on in violation of OCGA § 40-8-20 and with a license tag that was partially concealed in violation of OCGA § 40-2-6. The officer pulled in behind the Tundra, signaled the Tundra to stop by activating his vehicle's blue lights, and the Tundra pulled over on the side of the entrance ramp to Interstate 85. The officer got out of his vehicle, walked to the passenger-side window of the Tundra, knocked on the window, and the Tundra immediately took off at a high

2

rate of speed up the ramp onto Interstate 85, then took the next exit off the interstate with the officer in pursuit with blue lights still signaling the Tundra to stop. The officer pursued the Tundra at speeds of over 100 miles per hour in a 45 mile per hour speed zone while observing the driver of the Tundra run a red light and swerve in and out of the proper lane of traffic. The officer was finally able to stop the Tundra with a PIT maneuver at which point the driver of the Tundra, later identified as Jenkins, left the Tundra and fled from the officer on foot. While Jenkins was running from the officer and ignoring the officer's commands to stop, the officer saw that he had a white bag in his hand. The officer tackled Jenkins, arrested him, and recovered the white bag which the stipulated evidence showed contained over 900 grams of cocaine with a purity of over 67 percent.

1. Jenkins moved to suppress evidence of the cocaine on the basis that it was tainted evidence obtained in violation of the Fourth Amendment as a result of an unlawful traffic stop of the Tundra on the Interstate 85 ramp. In the motion to suppress and on appeal, Jenkins contends that the initial traffic stop on the ramp was conducted without probable cause or any reasonable suspicion to believe that he was violating traffic laws or engaged in any other criminal activity. In support of the officer's initial stop of the Tundra on the ramp, the State did not assert there was a

3

basis to believe that Jenkins was engaged in illegal drug activity, but relied on evidence supporting the GSP officer's contention that Jenkins was operating the Tundra in violation of traffic statutes requiring use of the vehicle's lights in the rain (OCGA § 40-8-20) and an unobscured license tag (OCGA § 40-2-6). The trial court's order denying the motion to suppress contained no findings of fact or credibility determinations and stated in its entirety: "The Court having considered defendant's Motion to Suppress, and the matter having regularly come before the Court, and after having heard evidence and argument of counsel, the Court hereby denies Defendant's Motion." Jenkins contends the trial court erred because the record shows that he was not violating the above-stated traffic statutes and the officer had no legal basis to conduct the traffic stop on the ramp.

It is not necessary to resolve any dispute over whether the officer had a sufficient basis to stop Jenkins on the ramp for a traffic violation, nor is it necessary to remand the case to the trial court to make factual findings or credibility determinations relevant to that dispute. We find no error in the trial court's denial of the motion to suppress because undisputed facts show that the initial stop of the Tundra on the ramp did not result in a seizure within the meaning of the Fourth Amendment. The Fourth Amendment prohibits unreasonable searches and seizures.

4

When a police officer makes a routine stop of a vehicle based on alleged probable cause or reasonable suspicion for the existence of a traffic code violation, the driver of the vehicle (and any passenger) detained during the stop is considered seized within the meaning of the Fourth Amendment and has standing to challenge the seizure as unreasonable. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994); *Whren v. United States*, 517 U. S. 806, 809-810 (116 SCt 1769, 135 LE2d 89) (1996); *United States v. Roberson*, 6 F3d 1088, 1091 (5th Cir. 1993). But "under the Fourth Amendment, a seizure occurs only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *State v. Walker*, 295 Ga. 888, 890 (764 SE2d 804) (2014) (citation and punctuation omitted). "[A]bsent physical force, for an encounter with a police officer to be considered a seizure under the Fourth Amendment, there must be *submission* to the assertion of authority." Id. at 891 (citation and punctuation omitted; emphasis in original). "A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." *Brendlin v. California*, 551 U. S. 249, 254 (127 SCt 2400, 168 LE2d 132) (2007).

The present record shows at most an attempted seizure by the GSP officer. By a show of authority – the flashing blue lights on the marked patrol vehicle – the officer directed Jenkins to stop the Tundra, and Jenkins initially complied by stopping the vehicle on the ramp. But when the officer approached the Tundra on foot and knocked on the passenger side window, Jenkins immediately took off in the vehicle and fled from the stop. There was no physical contact between Jenkins (or Jenkins's passenger) and the officer before Jenkins fled the stop in the Tundra. On these facts, Jenkins's temporary stop of the Tundra in response to the officer's blue lights was a ruse to aid his evasion of the stop and not a submission to the officer's show of authority. There was no seizure.

The facts supporting this conclusion are not disputed by Jenkins, and video recordings of the attempted seizure made by the camera on the GSP officer's patrol car, and the camera on another officer's patrol car directly behind the GSP officer, provide uncontradicted proof of these facts. Accordingly, despite the lack of findings of material fact by the trial court, the record is sufficient for this Court to review the trial court's ruling and affirm the denial of the motion to suppress. *Hughes v. State*, 296 Ga. 744, 746 n. 4 (770 SE2d 636) (2015).

2. After Jenkins fled from the initial stop, the officer pursued Jenkins and observed him commit traffic violations – speeding, running a red light, and improper lane usage – which provided a valid basis for the second stop. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Jenkins was guilty as charged on counts 1, 4, and 10. OCGA §§ 16-13-31 (a); 40-6-395 (a), (b) (5) (A) (i); 16-10-24; *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Miller, P. J., and Senior Appellate Judge Dorothy Toth Beasley, concur.*